COWART v. CITY COUNCIL OF GREENVILLE.

1. FINDING OF FACT by trial Judge in a law case referred by consent, cannot be reviewed on appeal.
2. MUNICIPALITIES—LICENSES—CONSTITUTION.—Placing money lenders on personal property on short loans by municipality in a class by themselves, different from banks, &c., for license taxing, is neither discriminatory nor unconstitutional.

Before WATTS, J., Greenville, November, 1902. Affirmed.

Action by J. J. Cowart against City Council of Greenville. From judgment for appellant, plaintiff appeals.

*Mr. Jos. A. McCullough,* for appellant, cites: *Payment need not be under protest:* 46 Am. R., 4; 24 Am. R., 622; 18 Ency., 1 ed., 218; 62 Am. R., 142; 4 L. R. A., 300; 2 Strob., 257.

*Mr. B. A. Morgan,* contra, cites: *Defendant had the right to classify:* Con., art. VIII., sec. 6; 59 S. C., 427. *But it must not be arbitrary:* 165 U. S., 155; 63 S. C., 420. *As*

*to what is and what is not a voluntary payment:* 15 Rich., 284; 2 Rich., 318; 8 Rich., 262; 2 Dill. on Mun. Corp., secs. 939 to 947.

July 7, 1903. The opinion of the Court was delivered by Mr. CHIEF JUSTICE POPE. The appeal seeks to reverse the judgment of the Court of Common Pleas for Greenville County, which denied the plaintiff the relief he sought, namely: a judgment for the sum of $600, for license fees paid by him for the years 1899, 1900 and 1901, at $200 per annum, on his business of lending money on individual real and personal security. The complaint contains three causes of action, as the other two are precisely similar except as to the year in which the same tax, a license, was charged by the defendant and paid by the plaintiff, we only set out the first.

"The plaintiff, complaining of the defendant, alleges, for a first cause of action:

"1. That on August 9, 1899, the defendant was, and is, a corporation duly chartered by and under the laws of the State of South Carolina, and as such may sue and be sued in any Court in this State having jurisdiction.

"2. That on the said 9th day of August, 1899, the plaintiff was a citizen of Greenville city, county and State aforesaid, and was engaged in the business of lending money on individual, real and personal security.

"3. That on the said 9th day of August, 1899, the defendant demanded of the plaintiff the sum of $200, claiming the same as special license tax from August 1, 1899, to August 1, 1900, and threatening to have the plaintiff arrested if he did not pay the said $200, for carrying on said business in violation of an ordinance of the said city council to raise supplies for the year 1899, and which ordinance provided as follows: 'Any person or persons carrying on or prosecuting any business or running any establishment named in this or preceding sections without first having taken out a license therefor, shall be fined (except in cases where special penalties are imposed) the sum of $5 per day, or be imprisoned in the

city prison or county jail or city or county chain gang for a term not exceeding five days, for each and every day such business is carried on without such license.'

"4. That in order to prevent the threatened arrest on the said 9th day of August, 1899, the plaintiff paid the said sum of $200, protesting that he was not liable therefor, and on the said 9th day of August, 1899, the defendant, through its clerk and treasurer, receipted the plaintiff for the said $200, 'being a special license tax for one year's business as money lender, ending August 1, 1900.'

"5. The plaintiff alleges that the said ordinance, entitled 'An ordinance to raise supplies for the year 1899, in so far as it affected this plaintiff, was unconstituional, null and void, in that the special tax which it sought to impose upon the plaintiff and others engaged in like business was discriminative and without uniformity in the following particulars, to wit: Banks with $25,000 capital stock or less were required to pay only $50, and for every $1,000 capital stock in excess of $25,000, $1. Every person, firm or corporation conducting private bank, lending money on real estate and individual securities, $25. Lawyers lending money on real estate securities for self or others, in addition, $25. Every person, firm or corporation, except regularly established banks, carrying on the business in the city of Greenville of lending money upon personal property security, shall pay licenses according to the following schedule of the gross business upon sworn returns: Under $5,000, $200; over $5,000 and under $10,000, $300; over $10,000 and under $15,000, $350; over $15,000 and under $20,000, $400. This is not to apply to time dealers making advances for agricultural supplies exclusively.' It was under this section of the said ordinance that plaintiff was required to pay the said $200. The said ordinance also contained another provision, as follows: 'Loans, savings or investment company, loaning money on real estate or otherwise, and similar companies whose capital stock is over $75,000, $100; under $75,000, $50.'

"6. Plaintiff, therefore, alleges that not only does the said

ordinance discriminate as between persons engaged in the same business, and not only is the license tax therein imposed not uniform, but this defendant alleges that other citizens of Greenville city from August 1, 1899, to August 1, 1900, were engaged in business similar to plaintiff's, which fact was well known to the defendant and it failed to require the said persons to pay the said $200, and allowed them to compete with plaintiff without paying such special tax, thereby discriminating unjustly and illegally against the plaintiff in the enforcement of the said ordinance.

"7. The plaintiff further alleges that the provisions of the ordinance by virtue of which the defendant required the said plaintiff to pay the said $200 is unjust and illegal, in that the amount is entirely out of proportion to the amounts exacted of other parties engaged in other lines of business in the city of Greenville.

"8. Plaintiff alleges that the ordinance above referred to, in so far as it seeks to charge 'Every person, firm or corporation, except regularly established banks, carrying on the business in the city of Greenville of lending money upon personal property security, shall pay licenses ranging from $200 to $400, being the section under which the defendant exacted of the plaintiff the $200 aforesaid, and which he charged plaintiff with violating, is illegal, unconstitutional, null and void, and violates the following provisions, among others, of the Constitution of 1895, article I., section 5, which provides: 'The privileges and immunities of citizens of this State and of the United States under this Constitution shall not be abridged, nor shall any person be deprived of life, liberty or property without due process of law, nor shall any person be denied the equal protection of the laws.' So much of article I., section 17, as provides: 'Private property shall not be taken for private use without the consent of the owner, nor for public use without just compensation being first made therefor.' Article VIII., section 6, which provides: 'The corporate authorities of cities and towns in this State shall be vested with power to assess and collect taxes for corporate

purposes, said taxes to be uniform in respect to persons and property within the jurisdiction of the body composing the same; and all the property, except such as is exempt by law, within the limits of cities and towns, shall be taxed for the payment of debts contracted under authority of law. License or privilege taxes imposed shall be graduated so as to secure a just imposition of such tax upon the classes subject thereto.' Article X., section 1, which provides: 'The General Assembly shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe regulations to secure a just valuation for taxation of all property, real, personal and possessory, except mines and mining claims, the products of which alone shall be taxed; and also excepting such property as may be exempted by law for municipal, educational, literary, scientific, religious or charitable purposes: *Provided, however,* That the General Assembly may impose a capitation tax upon such domestic animals as from their nature and habits are destructive of other property: *And provided, further,* That the General Assembly may provide for a graduated tax on incomes, and for a graduated tax or license on occupations and business.' So much of article X., section 5, as provides 'that all taxes levied for corporate purposes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same.'

"Wherefore, plaintiff prays judgment against the defendant for the said $200 and for the costs of this action."

The defendant admitted the first allegations and denied all the rest. By consent, a reference was taken to the master, who reported to the Court the testimony taken before him. The cause came on to be heard before his Honor, Judge Watts, who pronounced the following judgment:

"This case was put on calendar 1 to be tried by a jury; but by agreement of counsel it was referred to D. P. Verner, master, to take the testimony and report it to this Court, and upon that the case to be heard by the presiding Judge. The case came up for trial upon the master's report of the testi-

mony, and the plaintiff's counsel stated that while there were a number of allegations in the complaint, there were practically but two questions, to wit: that upon its face the ordinance in question is on its face discriminative; and, second, that the license tax having been paid under protest, the plaintiff had the right to recover. The defendant denied both propositions.

"I hold that the defendant has the right to make distinctions, with reference to license tax, between different trades and between essentially different methods of conducting the same general character of business or trade. The testimony shows that the plaintiff is carrying on a business in a method that brings him within a class to all of which class the ordinance is applicable.

"I, therefore, find for the defendant."

The plaintiff has appealed from this judgment. We will now consider the exceptions of the appellant, plaintiff. So far as his first exception impugns the finding of fact by the Circuit Judge, where he holds, "The testimony shows that the plaintiff is carrying on a business in a method that brings him within a class, to all of which class the ordinance is applicable," we can afford him no relief; for we find in the "Case" that there was testimony offered in this matter, and this being a case on the law side of the Circuit Court, we cannot interfere with the findings of fact by the Circuit Judge, as we have repeatedly held. The appellant's first exception must be overruled.

We will next consider the second, third, fourth, fifth and sixth exceptions in a group, as they all relate to the alleged discriminatory action of the city council in its ordinances governing licenses in the years 1899, 1900 and 1901. The text of these exceptions is as follows:

"2. Error in not holding that the said ordinance was invalid, in that it was discriminative upon its face. The said ordinance requiring a license tax of from $200 to $400 of every person, firm or corporation carrying on the business in the city of Greenville of lending money upon personal

property security, according to the schedule of the gross business upon sworn returns, and in terms exempts from the payment of the said tax: (1) Regularly established banks. (2) Time dealers.    (3) Loans, savings or investment companies, and allows such persons to carry on the business of lending money upon personal property security without the payment of any additional sum whatever.

"3.  Error in not holding that while the city council has the right to adopt ordinances with reference to license tax · under the Constitution of 1895, yet at the same time, in order to render the said ordinance valid, it must apply equally to all persons engaged in the same business, and the said ordinance upon its face having provided for a license tax to be paid by regularly established banks, loans, savings or investment companies, which sums were much smaller than that sought to be exacted of the plaintiff, and permits them to lend money upon personal property security, if the city council desired to put in a separate class all persons lending money upon 'personal property security,' then it should require of the said banks and loans, savings or investment companies, if they are permitted to lend money upon personal property · security, in addition, the same tax required of plaintiff.

"4.  Error in not holding the following provision, contained in the section of the ordinance under which the license tax was sought to be exacted of the plaintiff, to wit: 'This is not to apply to time dealers making advances for agricultural supplies exclusively,' exempts such class from the payment of such tax, and thereby renders the said ordinance in so far as it affects plaintiff unconstitutional, null and void.

"5.  Error in not holding that the ordinance upon its face contains in express terms at least three exceptions or discriminations: (1) In favor of regularly established banks. (2) Time dealers making advances for agricultural supplies    · exclusively.    (3) Loans, savings or investment company, loaning money on real estate or otherwise, in that it permits said parties to engage in the same business as plaintiff with-

out payment of the same sum exacted of him, and is thereby unconstitutional, null and void.

"6. Error in not holding under the testimony in the case that the defendant had no right to require of plaintiff the payment of the sums mentioned in the complaint, because the said ordinance for the years 1899, 1900 and 1901, were invalid, unconstitutional, null and void by reason of the discriminations aforesaid, and it appearing that the license for the various years was paid under protest, and not voluntarily, and in order to save the plaintiff from threatened arrest and prosecutions on the part of the defendant, error, therefore, in not rendering judgment in favor of the plaintiff for the amounts sued for."

The appellant, as will be seen by these five exceptions, lays great stress upon the fact that the ordinance of the city council of Greenville has divided into classes persons and corporations engaged in lending money in the city of Greenville. As will be seen by a copy of such ordinance as it is set out in plaintiff's complaint: 1. Banks. 2. Private banks. 3. Lawyers lending money on real estate securities. 4. Every person, firm or corporation except regularly established banks carrying on the business of lending money upon personal property security, shall pay licenses according to the following schedule of the gross business upon sworn returns: Under $5,000, $200; over $5,000 and under $10,000, $300; over $10,000 and under $15,000, $350; over $15,000 and under $20,000, $400.

Thus it is made to appear that the city council of Greenville has divided the business of money lending in its city into different classes, and placed upon each class a certain amount as the license fee for each year. Each person, firm or corporation belonging to his, their or its class, is required to pay the license fee of its class. The testimony tends to establish that there has grown up in the city of Greenville a species of money lending by the week or month to individuals, sums of money ranging from $10 and upwards, upon which by renewals required and enforced at the end of each

month, as much as $6 as interest on $10 is realized each year. Loans are made on personal property, and that a person with a capital of $1,500, in 1899, at the end of three years, has made over and above his capital invested the sum of $7,500. So the town council of Greenville has grouped these money lenders into a class to themselves, and have ordained that the license each of this class shall pay is regulated by the gross business upon sworn returns. It seems to us that the city council of Greenville might be very well justified in establishing this class by both the profit to the city from the taxation and also the police power of the city, which is expected to guard the morals of its citizenship.

But let us see if the city of Greenville has been guilty of discrimination between its citizens. The Constitution of 1895 of this State, in article VIII., section 6, amongst other things provides: "* * * License or privilege taxes imposed shall be graduated so as to secure a just imposition of such tax upon the classes subject thereto." The appellant raises no objection to this ordinance of the city council of Greenville, that it is unjust as to persons lending money on personal security as between the different persons of this class. His objection is, others outside of this class have an advantage over those embraced in his class. He is much impressed that banks, savings and investment companies, &c., are not put in his class, but in classes to themselves. Seemingly he has overlooked the fact that the Constitution of 1895, in article IX., section 12, provides: "Corporations shall not engage in any business except that specifically authorized by their charter." Banks cannot be merchants, &c. While these private dealers in loans on personal property may be anything they choose. They are or may be here to-day and yonder on the morrow. Like the Arabs, they may fold their tents and be off at any moment. It seems to us the cases of *Hill* v. *Abbeville*, 59 S. C., 396, 38 S. E., 11, and *Simmons* v. *Western Union Telegraph Co.*, 63 S. C., 425, 41 S. E., 521, have an important bearing upon the questions here considered. In the first case cited, it is held, when this Court

was discussing an ordinance of the town of Abbeville, which it was claimed was discriminatory in its classification of license fees, quoting from the syllabus of that case: "The Constitution and acts of the General Assembly authorize cities and towns to levy license taxes under police regulations and for raising revenue." The Circuit Judge, in the case of *Hill* v. *Abbeville, supra,* in discussing the power of the town council of Abbeville to classify, speaking of merchants, says: "Merchant is a general name. There are many kinds of merchants—grocers, dry goods, &c. One or more classes of merchants dealing in one commodity might be put into one class, while other merchants dealing in other commodities might be put in another class. This might be the only way in which the tax imposed on each class could be graduated so as to secure a just imposition of such tax upon each of said classes. This would be legal." The Supreme Court affirmed this judgment. It was held by this Court, even before the Constitution of 1895, that municipal corporations in this State had the right to raise and collect revenue on business, and the right given by statute to city councils violates no provision of said Constitution. *State* v. *Hayne,* 4 S. C., 403; *Information* v. *Oliver,* 21 S. C., 325; *Information* v. *Jager,* 29 S. C., 443, 7 S. E., 605. In *Simmons* v. *Western U. Tel. Co., supra,* at page 430, Mr. Justice Jones, as the organ of this Court, said: "Legislation is not unequal nor discriminatory, in the sense of the equality clause of the Constitution, merely because it is specific or limited to a particular class. The decisions of the United States Supreme Court establish that the legislature has power to make a classification of persons or property for public purposes, provided such classification is not arbitrary and bears reasonable relation to the purpose to be effectuated, and that the equality clause is not violated when all within the designated class are treated alike"—citing *Barber* v. *Connelly,* 113 U. S., 27; *Soon Hing* v. *Crowley,* 113 U. S., 703; *Missouri Pac. R. R.* v. *Humes,* 115 U. S., 512; *Railway Co.* v. *Mackey,* 127 U. S., 205; *Gulf C. & S. Ry. Co.* v. *Ellis,* 165 U. S.,

150; with quotations from each at pages 430 and 431, supporting his (Justice Jones') position.    Reliance upon the decisions of this Court in the case of the *Standard Oil Company* v. *City Council of Spartanburg,* 66 S. C., 37, is set up by the plaintiff, but an examination of that case, and a comparison of the principles here relied upon with that case, will disclose the fact that the two cases are dissimilar.    We uphold the case of *Standard Oil Co.* v. *Spartanburg,* but hold that the present case is not governed by it.    These exceptions must be overruled.        .

Exceptions 7, 8, 9 and 10 are governed by what we have just held, and must be overruled.        '        .

So far as exception 11 is concerned, it complains that the Circuit Judge erred in not holding that the defendant had failed to establish by a preponderance of the testimony the material allegations of its answer, and, therefore, in not dismissing the same and granting judgment in favor of the plaintiff.    The case showed that the defendant in its answer contented itself with a general denial of the allegations of the complaint except as to articles I. and II., which cut no figure in the contest between the parties.    We have held that the only failure here is that of the plaintiff, hence there is no substance in this exception.

It is the judgment of this Court, that the judgment of the Circuit Court be and is hereby affirmed.