## CITY OF LAURENS v. ANDERSON.

Act exempting Confederate soldiers from license unconstitutional. The act (24 Stat., 441,) exempting all soldiers and sailors of the Confederate States who enlisted from this State and who were honorably discharged from such service from paying license for carrying on any business in any city, town or village, has not a single feature upon which a constitutional classification can be based, and is violative of art. I., sec. 5, of the State Constitution, and of sec. 1, of 14 amendment of the Con. of U. S.

Before Prince J., Laurens, February, 1906.   Affirmed.

Indictment in mayor's court of the city of Laurens against John Wade Anderson for violating city ordinance.   From Circuit decree affirming judgment of mayor, defendant appealed.

*Messrs. Ferguson & Featherstone,* for appellant, cite: 63 S. C., 430.

*Messrs. Dial & Todd,* contra, cite: 63 S. C., 178; 6 L. R. A., 50; 68 S. C., 339; 63 L. R. A., 179; 113 U. S., 127; 170 U. S., 283; 35 L. R. A., 447; 32 L. R. A., 253; 63 S. C., 420; 66 S. C., 37; 19 L. ed., 357; 26 L. ed., 449; 21 L. ed., 395.

August 13, 1906.   The opinion of the Court was delivered by

Mr. Justice Gary.   The exceptions assign error on the part of his Honor, the presiding Judge, in declaring the following statute unconstitutional, to wit:

"Be it enacted by the General Assembly of the State of South Carolina, That all soldiers and sailors of the Confederate States, who enlisted from this State, and who were honorably discharged from such service, shall hereafter be exempt from any license for the carrying on of any business or profession within this State, or any city, town or village

therein: *Provided,* That such soldiers and sailors shall file with the Clerk of the Court of the county in which he resides, the proper evidence of his service in the Confederate War: *Provided, further,* That no partnership shall exist in any such business or profession with any person not a *bona fide* soldier or sailor of the said Confederate States." 24 Stat., 441.

The defendant was tried in the mayor's court upon the charge of running a beef market and grocery store without license. He pleaded that he was exempt from the payment of a license tax under the provisions of said act.

The mayor ruled that the statute was unconstitutional, and imposed a sentence upon the defendant, from which he appealed to the Circuit Court.

The respondent contended that the statute was in violation of the following constitutional provisions:

Art. I., sec. 5, Constitution of this State, which provides that no person shall be denied the equal protection of the laws.

Sec. 1, of the Fourteenth Amendment U. S. Constitution, which prohibits any State from denying to any person the equal protection of the laws.

Art. X., sec. 1, Constitution of South Carolina, which contains the provisions that "the General Assembly shall provide by law for a uniform assessment and taxation, and shall prescribe regulations to secure a just valuation for taxation of all property * * * *Provided,* That the General Assembly may provide * * * for a graduated license on occupations and business."

Art. IV., sec. 2, U. S. Constitution, which is as follows: "The citizens of each State shall be entitled to all privileges and immunities of citizens of the several States."

The presiding Judge ruled that the act was in violation of the first and second, but not of the third and fourth of said provisions.

The respondent gave notice that in case it was necessary, it would rely upon the additional grounds that there was

error in overruling the third and fourth of said objections.

We will proceed first to state the general principles touching the subject of classification under the State and Federal Constitutions.

The case of *Gulf C. and S. F. Ry. Co.* v. *Ellis,* 165 U. S., 150, 155, 165, decides that the classification must not be arbitrary—that is, "must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed;" also, that such classification must be "based upon some reasonable ground, some difference which bears a just and proper relation to the attempted classification, and is not a merely arbitrary selection."

In *Am. Sug. Ref. Co.* v. *Louisiana,* 21 Sup. Ct. Rep., 43, 45, the Court, in discussing the provisions of the Constitution as to the equal protection of the laws, says: "The power of taxation under this provision was fully considered in *Bell's Gap R. Co.* v. *Pennsylvania,* 134 U. S., 233, 33 L. ed., 892, 10 Sup. Ct. Rep., 533; in which it was said not to have been intended to prevent a State from changing its system of taxation in all proper and reasonable ways. It may, if it chooses, exempt certain classes of property, altogether; may impose different specific taxes upon different trades or professions; may vary the rates of excise upon various products; may tax real and personal estate in a different manner; may tax visible property only and not securities; may allow or not allow deductions for indebtedness. 'All such regulations and those of like character, so long as they proceed within reasonable limits and general usage, are within the discretion of the State Legislature or the people of the State in framing their Constitution.'"

The Court, in *Sutton* v. *State,* 96 Tenn., 696 (33 L. R. A., 589), says that legislation to be constitutional, "must possess each of two indispensable qualities: First, it must be so framed as to extend to and embrace equally all persons who are or may be in the like situation and circumstances;

and, secondly, the classification must be natural and reasonable, not arbitrary and capricious."

In Cooley's Constitutional Limitations, 482, we find the following statement of the principle: "Privileges may be granted to particular individuals, when by so doing the rights of others are not interfered with; * * * but every one has a right to demand that he be governed by general rules, and a special statute which without his consent singles his case out as one to be regulated by a different law from that which is applied in all similar cases, would not be legitimate legislation, but would be such an arbitrary mandate as is not in the province of free government. Those who make the laws 'are to be governed by promulgated, established laws, not to be varied in particular cases, but to have one rule for the rich and poor, for the favorite at Court and the countryman at the plough.' "

The Court, in *State* v. *Goodwill,* 6 L. R. A. (W. Va.), 621, 623, uses this language: "The rights of every individual must stand or fall by the same rule of law that governs every other member of the body politic under similar circumstances; and every partial or private law which directly proposes to destroy or affect individual rights, or does the same thing by restricting the privileges of certain classes of citizens and not of others, when there is no public necessity for such discrimination, is unconstitutional and void."

In the case of *Oil Co.* v. *Spartanburg,* 66 S. C., 37, 45, 44 S. E., 377, there was an ordinance requiring dealers in oil to pay a license tax, and providing that it should not apply to dealers handling oil, on which the license had been paid. The Court, in declaring the ordinance unconstitutional because there was no reasonable ground for such classification, said: "It cannot be successfully contended that the exemption from payment of license tax was intended for the benefit of the municipality, for the tendency of the classification was to lessen its revenues. Nor can it be argued that the exemption was in any sense an encouragement to commerce, for the merchants and dealers under this classification

conducted their business in no respect different from those who paid the license tax. It can scarcely be insisted that it was for the benefit of those who paid the tax, as its tendency was to create a larger number of competitors in business with them, especially when we have before us one of the parties who paid the tax objecting to its legality. We are irresistibly forced to the conclusion that the exemption was intended as a mere 'favor to those included within the classification and that it was, therefore, unconstitutional."

We will proceed next to review some of the authorities in which the question before the Court was similar to that now under consideration.

In the case of *State* v. *Garbroski*, 56 L. R. A. (Iowa), 570, 572, the Court had under consideration the constitutionality of an act granting immunity from a license tax to peddlers who had served in the army of the United States, during the Civil War. The Court said: "The classification here attempted rests solely on a past and completed transaction, having no relation to the particular. legislation enacted. All citizens are divided into two classes—those who served in the army and navy thirty-five years ago, and all those who did not. True, as suggested, the veterans came from no particular class; but the trouble with this statute is that it attempts to make of them a class in legislation, in the operation of which there can be no substantial distinction between them and others. In present conditions and circumstances, there are no differences between them, in their relation to society and the administration of the law, and other citizens of the State * * *. The work of a peddler calls for no qualities such as a soldier or sailor acquires in the service. Equality in right, privilege, burdens and protection is the thought running through the Constitution and laws of the State; and an act intentionally and necessarily creating inequality therein, based on no reason suggested by necessity or difference in condition or circumstances, is opposed to the spirit of free government, and expressly prohibited by the Constitution * * *. The classi-

fication attempted by this statute is based on no apparent necessity, or difference in conditions or circumstances that have any relation whatever to the employment in which the veteran of the Civil War is authorized to engage without paying license. It savors more of philanthropy (worthy of the highest commendation, in its proper sphere) than of reasonable discrimination, based on real or apparent fitness for the work to be done."

In the case of *State* v. *Shedroi*, 63 L. R. A. (Vt.), 179, 180, the Court was called upon to determine whether the statute was constitutional which provided that persons residents of that State who served as soldiers in the Civil War and were honorably discharged, were exempt from the payment of a license tax. In that case the Court used this language: "Upon what basis does the attempted classification rest? There is no basis upon which it can rest, except that persons in one class served as soldiers in the Civil War, and were honorably discharged, and those of the other class did not so serve, or were not honorably discharged. This classification is dependent solely on a condition of things long since passed, and not on a present condition or situation, nor on a substantial distinction having reference to the subject matter of the law enacted. The veterans were originally from no particular class, and when discharged from the army they returned to no particular class—they again became a part of the general mass of mankind, with the same constitutional rights, privileges, immunities, burdens and responsibilities as other citizens similarly circumstanced in law in the same jurisdiction. Assuming that thus to have served as a soldier, and to have received an honorable discharge, may well merit reasonable considerations at the hands of the State in recognition of patriotism and valor in defense of a common country, yet such considerations cannot exceed those constitutional limits established for the welfare and protection of the whole, for equal protection of the laws requires that all persons subjected to such legislation shall be treated alike under like circumstances and conditions,

both in the privileges conferred and the liabilities imposed. * * * It cannot be said that the service as a soldier in the war and the receipt of an honorable discharge bear any relation to the business of a peddler as defined by the law under consideration. There is no difference between the present conditions and circumstances of such veterans and those of other citizens regarding the relations to the law, or the attempted classification. In fact, according to their relations, they are of the same class, and any attempted classification between them is but a mere arbitrary selection and based upon no reasonable grounds."

The statute hereinbefore set out shows upon its face that it denies to those not included within its provisions the equal protection of the laws. It provides only for soldiers and sailors who enlisted from this State and were honorably discharged, but ignores the veterans of other wars, as well as those soldiers and sailors of the Confederacy, who enlisted from other States and were honorably discharged. In fine, there is not a single feature of the act upon which a classification can be based, without violating the provisions of the State and Federal Constitutions.

These views render it unnecessary to consider the additional grounds upon which the respondent gave notice that it would rely.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.