## 11582

### STATE v. COLUMBIA RAILWAY, GAS & ELECTRIC CO.

#### (124 S. E., 758)

1. STATES—STATE SUING TO PROTECT PROPERTY RIGHT IN OWN COURT IS BOUND BY RULES APPLICABLE TO ACTION BETWEEN INDIVIDUALS.— State which comes into own Court to assert property right is bound by all the rules established for the administration of justice between individuals.

2. STATUTES—STATUTE, TAKING STATE'S ACTION ON CONTRACT WITH INDIVIDUAL OUT OF GENERAL STATUTORY RULE AS TO VENUE, HELD VOID.—Statutory rule as to venue became part of State's ordinary contract with individual, and State could not, by Act March 26, 1923 (32 St. at Large, p. 828), fix venue in State's action to enforce contract, different from that prescribed by the general rule, under the rule against special legislation.

Before DEVORE, J., Saluda, November, 1923. Reversed.

Action by the State of South Carolina against Columbia Railway, Gas & Electric Co., a corporation. From an order refusing defendant's motion for change of venue defendant appeals.

The order refusing motion, referred to in opinion, follows:

"The motion was taken up by agreement before Judge DeVore at his chambers in Edgefield on December 19, 1923. The same was fully argued before him and held under consideration until December 31, 1923, on which date he signed the following order:

"This is a chambers motion, heard by me at Edgefield, South Carolina, to change the place of trial of the above action from Saluda county to Richland county. The motion is based on six grounds. According to my view of the matter, it will be necessary to consider the third, fourth, fifth, and sixth grounds only.

"After hearing able argument of counsel pro and con, and after reading a number of authorities cited by counsel pro and con, none of which are directly in point, I am of the opinion now, which I entertained at first, that granting or refusing the motion depends upon whether or not the Act of 1923 (Act March 26, 1923 [32 St. at Large, p. 828]) is constitutional. So much of the act as is involved here is the provision at the end of the second section, which reads: 'Nothing herein shall prevent the abandonment, or discontinuance of the present action, and said commission, or a majority thereof, are hereby authorized to bring a new action in any county in this State.' Section 3 reads: 'All acts or parts of acts inconsistent with this act are hereby repealed.'

"The third ground for the plaintiff's motion alleges that the act of 1923 is in violation of Section 10 of Article 1 of the Constitution of the United States, and therefore impairs the obligation of the defendant's contract with the State of South Carolina. If trying the case in Richland county would not impair the defendant's contract with the State of South Carolina, I cannot conceive of how it would do so, if tried in Saluda county, by a Court of the same jurisdiction, the contract contsrued by the same rules and

regulations and the trial and its conduct being the same in either county.

"The fourth ground alleges the act to be in violation of the fourteenth amendment to the Constitution of the United States, and therefore deprives the defendant of its property without due process of law, and denies the defendant the equal protection of the law. If trying the case in Richland county would not deprive the defendant of its property without due process of law, I do not see how it would do so if tried in Saluda county; for the course of legal proceedings according to those rules and principles which govern our Courts in one county would govern in another. In short, there is simply a change of place of trial from one county in the State to another county in the same State, and that fact could not impair the obligations of the defendant's contract, nor deprive defendant of its property without due process of law, nor could it deprive defendant of the equal protcetion of the law, for his protection would be the same in any county of the. State.

"The fifth ground alleges the act of 1923 to be a special law, in violation of Section 34 of Article 3 of the Constitution of South Carolina. The act, after authorizing the commission to bring the action in any county of the State, in its third section repeals all acts or parts of acts inconsistent with this act (1923). It will thus be seen that every Statute law of the State which undertook to fix the place of trial for actions prior to the 26th of March, 1923, was repealed, if inconsistent with the act of 1923. I am satisfied the Legislature certainly had the right and power to fix the place of trial for actions; if so, it certainly had the right and power to change the law or to repeal it, or any part thereof, as it has done by the act of 1923. I therefore think the act which authorized the commission to bring the action in any county in the State is not a special law.

"The sixth ground alleges it is an effort on the part of the General Assembly to become judges of its own case and as-

sume unto itself judicial powers, in violation of Section 14, Article 1, of the Constitution of South Carolina. With this proposition or contention I cannot agree for the reason the General Assembly will have nothing to do with the trial of the case; it will be tried by a Court under the rules and law applicable to the case as made by the pleadings and the evidence. Neither do I agree that the General Assembly assumed unto itself judicial powers; for the reason no judge or Court could or would have ordered the case tried in any other county than Richland, had not the act of 1923 been passed by the Legislature. It was therefore purely, simply, and only a legislative power, which could have authorized the case tried in any county in the State. What has been said above disposes of the first and second grounds for the motion. Again, the State is as much a resident of Saluda county as it is of Richland county, so to speak, and, the State being the plaintiff in this case, I see no reason why the Legislature could not repeal all laws governing the place of trial for actions, prior to the 26th of March,.1923, and then enact a law allowing the State, as plaintiff in this case, to bring an action in any county in the State, that the State, plaintiff, may elect, which the Legislature has virtually done by the passage of the act of 1923. I may add, it cannot be said the act of 1923 is unconstitutional beyond a reasonable doubt. For the above reasons, it is ordered that the motion be and the same is hereby refused.

"It is further ordered, if an appeal be taken from this decision, the trial of the case be stayed until said appeal is heard and decided by the Supreme Court."

*Messrs. J. B. S. Lyles* and *R. B. Herbert,* for appellant, cite: *Case arose under Act.* 1923, page 828: *Subject of action is situated and defendant resides in Richland County and Saluda County is not the proper county for trial:* Code Proc., 1922 Sec. 376; 378; 110 S. C., 491; 114 S. C., 122; 80 S. C., 488; 87 S. C., 101. *Denial of trial in one county is denial of a substantial right:* 108 S. C., 234; 121

S. E., 360; 110 S. C., 334. *When State goes into Court it is bound by all rules of property:* 1 Bay., 98; 5 Johns., 477; 22 S. C., 74; 83 U. S., 203. *Doubt should have been solved in favor of defendant:* 258 U. S., 204; 213 U. S., 366. *Statutes relating to same subject matter should be read together and effect given to each if possible:* 116 S. C., 466; 118 S. C., 498. *Defendant had substantial right to be sued in county in which subject of action was situated:* 6 R. C. L., 855; 2 McC., 23; 93 S. C., 414; 261 U. S., 236. *Act of 1923 is assumption of judicial power by the Legislature forbidden by Sec. 14, Art. 1 of the Constitution:* 87 S. C., 292; 54 S. C., 1; 84 S. C., 598; 87 S. C., 270; 211 U. S., 210; 15 L. R. A. (N. S.), 203. *It also deprives defendant of property without due process and denies equal protection of the law:* 75 S. C., 65; 6 L. R. A. (N. S.), 621; 4 Heiskell 357; 155 S. W., 1068.

*Messrs. Samuel M. Wolfe, attorney General* and *Mendel L. Smith* and *Crouch & Ramage,* for the State, cite: *Where new form is created it supersedes old tribunal:* Dud. 164, 165; 12 S. C., 29. *Act 1923 does not impair obligation of contract:* 12 C. J., 1003; 161 U. S., 240; 101 U. S., 832; 79 S. C., 316; 221 U. S., 400; 226 Fed., 287; 200 U. S., 22; 75 Kan., 664; 15 Ark., 16; 2 Grant., 472; 1 S. C., 63; 226 U. S., 276; 184 U. S., 399; 157 U. S., 219; 97 S. C., 293; 67 S. C., 324; 62 S. C., 300. *New remedy if adequate need not be so advantageous as old:* 12 C. J., 1069; 215 U. S., 313; 96 U. S., 69; 97 U. S., 293; 4 Wall., 535; 7 Pet., 464; 12 C. J., 1072, 1079; 185 U. S., 55; 110 U. S., 633. *Change may be made from Court to Court and rules of pleading and evidence changed:* 12 C. J., 1081, 1082; 223 U. S., 47. *Cool. Stat. Lim. Chap. 9, Sec. 372:* 107 U. S., 769. *Person has no vested right in any particular remedy:* 89 A. S. R., 743; 96 U. S., 74; 157 U. S., 219; 6 R. C. L., 359; 1 How., 311. *Legislature may modify remedy to enforce contract without impairing obligation:* 4 Wheat., 122; 12 Wheat., 370; 1 How., 311; 4 Wall., 535; 23 Me., 318.

*Laws effecting venue relate merely to remedy:* 12 C. J., 977; 73 Sou., 958; 68 Sou., 418; 32 N. W., 183; 66 N. C., 284; 67 Pa., 153; 40 Cyc., 116. *Due process does not include any particular form of action or method of procedure:* 12 C. J., 1220; 182 U. S., 427; 130 Io., 66. *It is required that property rights be preserved and adequate remedy afforded for their vindication:* 12 C. J., 1220; 195 U. S., 24; 237 U. S., 189; 160 U. S., 389; 115 U. S., 620; 110 U. S., 516; 96 U. S., 97; 104 S. C., 116. *If Statute narrows remedy it does not render it unconstitutional:* 12 C. J., 1220, 1223; 240 U. S., 305; 241 U. S., 624; 103 S. C., 380; 93 S. C., 414; 84 S. C., 9. *Venue subject to legislative control:* 12 C. J., 1226; 155 S. W., 1068; 79 S. E., 647; 67 Sou., 355; 80 S. E., 636; 71 Sou. 126; 93 ·S. W., 676. *When distinctions do not amount to equal protection:* 12 C. J. 1145-47; 237 U. S., 63; 229 U. S., 123; 80 S. E., 636; 193 U. S., 30; 159 Colo., 694; 74 S. C., 207; Ann., Cas., 1912-C, 611. *Special legislation:* 105 S. C., 362; 82 S. C., 22; 100 S. C., 480; 85 S. C., 186; 99 S. C., 366; 122 S. E., 516; 82 S. C., 357; 66 S. C., 225; 100 S. C., 480; 120 S. C., 181; 59 S. C., 110; 61 S. C., 205; 66 S. C., 357; 68 S. C., 339; 76 S. C., 21; 85 S. C., 186; 77 S. C., 260; 77 S. C., 351; 82 S. C., 22; 82 S. C., 353; 85 S. C., 94; 89 S. C., 545; 104 S. E., 567. *Legislature for purpose of litigation and venue may make residence of domestic corporation in place where business is conducted:* 27 R. C. L., 779, 780; 70 L. R. A. (N. S.), 703; Ann. Cas., 1912-C, 611; 90 A. S. R., 705; 67 Pa. St., 153; 44 N. H., 238.

October 14, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This case involves an appeal from an order of Judge De-Vore refusing to change the venue from Saluda to Richland county. Judge DeVore's order, for a proper understanding of the case, will be reported. Appellant moved to transfer

the case from Saluda to Richland county on six grounds: 1. That under the Code the case must be tried in Richland county; 2. that the act of 1913 impairs the obligation of the contract with the State; 3. that the act of 1923 deprives the defendant of its property without due process of law; 4. that said act denies the defendant the equal protection of the law; 5. that said act is in violation of that provision of our State Constitution prohibiting special legislation in certain cases; 6. that the act of 1923 is an effort on the part of the General Assembly to become the judge in its own case and to assume unto itself judicial powers, in violation of law.

Under the Code, the case must be tried in Richland county, unless the General Assembly had the power to pass the act of 1923, in question. The right to a trial in the county where the defendant resides has been held repeatedly by this Court to be a substantial right. The land is in Richland County; the appellant has no agent in Saluda county.

When the State comes into her own Court to assert 1, 2 a right of property, she is, of course, bound by all the rules established for the administration of justice between individuals. *State v. Pacific Guano Co.,* 22 S. C., 74. The State had, by its Code of Procedure, adopted a general statutory rule as to venue, which has become a part of an ordinary business contract between the State and an individual, and which has vested in such individual, in event of a suit thereon, "a very substantial right" to a trial in his own county; and the Legislature cannot, because the State has a cause of action, pass an act taking the case out of the general rule. We see no reason why this particular case between the parties as to venue, should be different from the general rule. The act is unconstitutional, under *State v. Ferri,* 111 S. C., 219; 97 S. E., 512. *City of Laurens v. Anderson,* 75 S. C., 65; 55 S. E., 136; 117 Am. St. Rep., 885; 9 Ann. Cas., 1003. The Court, in *State v. Goodwill,* 33 W. Va., 179, 182; 10 S. E., 285, 286; 6 L. R. A., 621, 623 (25 Am. St. Rep., 863), uses this language:

"The rights of every individual must stand or fall by the same rule of law that governs every other member of the body politic under similar circumstances; and every partial or private law which directly proposes to destroy or affect individual rights, or does the same thing by restricting the privileges of certain classes of citizens, and not of others, when there is no public necessity for such discrimination, is unconstitutional and void." *Brown v. Haywood,* 4 Heisk. (Tenn.), 357.

A general Statute of Tennessee (Code 1858, §§ 2837–2839) provided that cases could be transferred for trial, upon the ground that a fair and impartial trial could not be had in the county in which they were brought. In 1867 a second statute (Laws 1867, c. 36, § 8) was passed (which applied only to pending cases that had been transferred under such general statute), and made it mandatory on the Court to transfer such cases back to the county in which they were originally brought, "upon the affidavits of three unconditional Union men." The question of the constitutionality of this second statute was raised. The Court held that the Act of 1867 was a special act, for the benefit of a few, and not applicable to all suitors alike; that it undertook to apply only to the pending cases and did not effect the existing laws regulating the change of venue in civil cases; that it was therefore a violation of the equal protection clause of the Constitution.

The Court further held that the Statute of 1867 was an assumption of judicial powers in violation of the State Constitution, in that it required the Court to accept the legislative tests as the basis for transferring the cases and sought to take away from the Court the right to decide this question in a judicial way. *Houston v. Publishing Co.* (Supreme Court of Missouri, sitting *en banc* in 1913) 249 Mo., 332; 155 S. W., 1068.

A statute of Missouri provided that a corporation publishing a libel might be sued in any county in which the

paper was circulated. The same general statute provided that an individual publishing a libel could be sued either in the county of his residence or in the county of plaintiff's residence, if found there. The plaintiff sued the defendant in a distant county of the State, in which neither party resided, but in which the paper was circulated, and the defendand contested the constitutionality of the statute permitting this. The Court adopted a former opinion (*Julian v. Kansas City Star Co.,* 209 Mo., 107; 107 S. W., 512), in which it stated:

"If the law applied to all publishers of libels and to all suitors in libel suits alike, there would be no question; but it does not. It gives to one portion of a class advantages not given to the other portion. It heaps disadvantages and inconveniences upon one portion of another class, which are not placed upon the remaining portion. That some advantages are given to suitors against a corporate libeler over suitors against an individual libeler could not be shown more strongly than by this case. Upon what theory would the plaintiff have left his home and friends in Jackson county, except upon the theory that by his construction of this statute he could acquire some advantage, or the defendant be placed at some disadvantage, in another forum."

The exceptions must be sustained, and order appealed from reversed.

MESSRS. JUSTICES COTHRAN and MARION concur.

MR. JUSTICE FRASER: I dissent. It is true that the right of a defendant to be tried in the county of his residence is a substantial right, but it is a right given by statute and may be taken away by statute. The right is not universal, as in actions *in personam.* Where there are several defendants, the action may be tried in any county in which one of the defendants resides. Where there are several defendants in such cases, the plaintiff may select the county in which he will bring his action. The liability of a defendant to be sued in a county not of his residence, and the right of the

plaintiff, within certain limitations, to select the county, is not unknown to the law and unquestioned.

The right to fix the venue is a legislative, and not a judicial, question. It does not appear that a general law could be made applicable. There was only one controversy to be determined. The Legislature certainly had the right to authorize the suit and provide for the prosecution of the suit, and make any provisions it deemed wise, limited only by a constitutional prohibition.

For these reasons I dissent.