19350

UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent, v. CITY OF NEWBERRY and Thomas Buzhardt, as Finance Director of said City, Appellants.

(186 S. E. (2d) 239)

Littlejohn, J., concurred in result.

434

*Messrs. R. Aubrey Harley,* of *Harley & Verner,* New-
berry, and *Frank K. Sloan,* of Columbia, *for Appellants,*
cite:

*Messrs. Bernard Manning,* of Columbia, and *Robert D. Schumpert,* of *Pope & Schumpert,* Newberry, *for Respondent,* cite:

January 11, 1972.

BUSSEY, Justice.

In this action plaintiff-respondent seeks to recover the sum of $4,568.02 paid under protest to the defendant-appellant City of Newberry as a business license tax for the year 1968. The case is a sequel to that of *United States Fidelity & Guaranty Co. v. City of Newberry,* 253 S. C. 197, 169 S. E. (2d) 599, wherein the taxpayer was denied recovery of its business license tax for the year 1967.

The key facts of the present case are either admitted in the pleadings or established by uncontroverted evidence. The plaintiff is engaged in writing fire and casualty insurance in the City of Newberry from which it had gross receipts in 1967 totaling $228,401.00, the sum of $213,335.00 being

derived from casualty insurance premiums and the sum of $15,066.00 being derived from fire insurance premiums, and it was required to pay two per cent of the foregoing total for a license to do business in Newberry in 1968.

The plaintiff's business is, of course, a lawful and useful one and the defendant City of Newberry makes no attempt to regulate plaintiff's business, except to require a license for its conduct. Admittedly, the conduct of a fire and casualty insurance business presents no special, disproportionate or out of the ordinary expense to the defendant city, or strain upon its facilities, and enterprises engaged in such business do not require any special services of the city.

The ninth paragraph of the complaint, admitted by the answer, is as follows:

"9. No business enterprise of any type or class is required to pay a license tax at a rate greater than one (1) dollar for each one thousand ($1,000.00) dollars of its 1967 gross receipts (after the first $1,000.00 dollars of gross receipts), with three (3) exceptions, namely: The business license tax for each 'Life, Health, Accident, Hospital' insurance company is levied at the rate of three ($3.00) dollars for each 1,000 dollars of its 1967 gross receipts; that for each 'Crackers, cakes, Tobaccos, etc. (delivered without prior order)' enterprise is levied at the rate of three ($3.00) dollars for each 1,000 dollars of its 1967 gross receipts; and each fire and casualty insurance company, plaintiff's class, is taxed at the rate of two per cent, or twenty ($20.00) dollars for each 1,000 dollars of its 1967 gross receipts."

From the foregoing it clearly appears that the license tax rate charged plaintiff and other property insurers in its class is nearly seven times as great as that charged the two next highest categories, and approximately twenty or more times as much as charged all other categories or classifications.

The matter came before the lower court on plaintiff's motion for summary judgment, such being based on the pleadings, the 1968 ordinance, certain affidavits and depo-

sitions previously taken from three officials of the City of Newberry in office at the time of the adoption of the ordinance, to-wit: the Mayor, the City Manager, and the Chairman of City Council's Committee on License Ordinances. The record reflects no objection on the part of the defendants to any of the evidence offered, or to the court disposing of the matter on plaintiff's motion for summary judgment.

It is well established by prior decisions of this Court that within the purview of Article VIII, Section 6, of the South Carolina Constitution, and Code Sec. 47-271, governing municipalities of the size of Newberry, such municipality had the power to classify the various businesses and professions for the purpose of license taxes and to impose reasonable amounts upon the respective classes graduated, nevertheless, according to gross income. While the Constitution and the statute together require that the tax must be reasonable, "The fact that one class may pay more proportionately than other classes does not of itself make the license fee unreasonable or arbitrary since this is largely within the discretion of City Council." *City of Columbia v. Putnam*, 241 S. C. 195, 127 S. E. (2d) 631. As was pointed out in the opinion in the prior case between these parties, in the absence of positive evidence to the contrary, the license tax here imposed upon the plaintiff is presumed to be reasonable and not to be interfered with by the courts, unless its unreasonableness and oppressiveness are clearly apparent, the burden of proving invalidity being upon the plaintiff.

In the instant case the lower court concluded that the plaintiff had met the burden of proving the ordinance to be unreasonable and invalid as to it; that there was no rational basis for a classification whereby the plaintiff and other property insurers are taxed at a rate twenty or more times greater than that imposed on most other businesses, and that in imposing such, the City Council of Newberry had abused its discretion. While we are mindful of the proposition that an ordinance, such as the one here in question, is presumed

to be both reasonable and otherwise valid, and not to be struck down unless "palpably arbitrary, capricious or unreasonable", *Colonial Life & Accident Ins. Co. v. South Carolina Tax Commission,* 233 S. C. 129, 103 S. E. (2d) 908, we are, nevertheless, constrained to the view that the lower court had a sound factual basis for concluding that the plaintiff had, at least *prima facie,* met the burden of proving the tax palpably unreasonable.

It is conceded that the city had the right to classify for the purpose of license taxes and considerable discretion as to the rate to be imposed upon the respective classifications, but the cardinal issues there is whether the city had any rational basis for such a gross disparity and differentiation between the rate charged property insurers, such as the plaintiff, and those charged to the various other business and professional licensees.

"Differences in organization, management, and type of business transacted are sometimes sufficient to justify the classification, but acts or ordinances which arbitrarily impose different rates of taxation or different terms and conditions on different occupations or privileges, without any reasonable basis for such distinctions are void as a denial of equal protection of the laws." 16A C. J. S. Constitutional Law § 529, p. 423.

The foregoing principles have been consistently recognized and applied in decisions of this Court. In *Laurens v. Anderson,* 75 S. C. 62, 55 S. E. 136, this Court was called upon to rule on an ordinance exempting Confederate veterans from paying city business license taxes. The city had arrested Anderson for selling without a license and the defendant claimed the exemption. This Court held that the exemption was unconstitutional because it attempted to create a classification for special treatment for which there was no reasonable basis. "* * * (Classification must not be arbitrary—that is, 'must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed—' ".

Compliance with the equal protection clauses of the Constitutions requires that any classification be not arbitrary and bear a reasonable relation to the legislative purpose sought to be effected, and that all members of each class be treated alike under similar circumstances. *Simmons v. Western Union Tel. Co.,* 63 S. C. 425, 41 S. E. 521; *Cowart v. City Council of Greenville,* 67 S. C. 35, 45 S. E. 122; *Duke Power Co. v. Bell,* 156 S. C. 299, 152 S. E. 865; *Morgan v. Watts,* 255 S. C. 212, 178 S. E. (2d) 147. We quote the following pertinent language from the fairly recent case of *Rinaldi v. Yeager,* 384 U. S. 305, 86 S. Ct. 1497, 16 L. Ed. (2d) 577,

"The Equal Protection Clause requires more of a state law than nondiscriminatory application within the class it establishes. * * * It also imposes a requirement of some rationality in the nature of the class singled out. * * * But the Equal Protection Clause does require that, in defining a class subject to legislation, the distinctions that are drawn have 'some relevance to the purpose for which the classification is made.' "

As said in the recent case of *City of Columbia v. Niagara Fire Ins. Co.,* 249 S. C. 388, 154 S. E. (2d) 674,

"The obvious purpose of the license ordinance is to impose a tax, or license fee, upon the privilege of doing business in the city during the current year. Implicit in that purpose is the requirement that the tax be fair and nondiscriminatory."

In all of our decisions wherein a classification in a tax statute or ordinance has been challenged as being in violation of the equal protection clauses of the state and federal Constitutions, this Court has recognized that a reasonable basis for the different treatment was essential to the constitutionality thereof. In *Laurens v. Anderson, supra,* and *Standard Oil Co. v. City of Spartanburg,* 66 S. C. 37, 44 S. E. 377, exemptions in license ordinances were held constitutionally invalid for lack of a rational basis therefor. In *Wingfield v. South Carolina Tax Commission,* 147 S. C. 116, 144 S. E.

846; *Cowart v. Greenville, supra,* and *Great A. & P. Tea Co. v. City of Spartanburg,* 170 S. C. 262, 170 S. E. 273, classifications and differing tax rates were upheld. The court, in each of these, recognized the essentiality of a rational basis for the classification and differentiation in tax rates and pointed to the facts which constituted such bases.

In the case of *Laurens v. Anderson, supra,* the Court cited and relied upon, among others, *Gulf C. & S. F. Ry. v. Ellis,* 165 U. S. 150, 17 S. Ct. 255, 41 L. Ed. 666, from which we quote the following,

"While good faith and a knowledge of existing conditions on the part of a legislature are to be presumed, yet to carry that presumption to the extent of always holding that there must be some undisclosed and unknown reason for subjecting certain individuals or corporations to hostile and discriminating legislation is to make the protecting clauses of the fourteenth amendment a mere rope of sand, in no manner restraining state action."

In addition to the admitted facts tending to prove that there was no rational basis for the imposition of a grossly disproportionate tax upon plaintiff's classification, counsel for plaintiff sought to elicit through the depositions of key city officials the existence or nonexistence of any factual basis known to them, which would rationally justify the classification and grossly disproportionate rate of taxation. Such officials relied, largely, upon Code Sec. 37-133, which provides that the license fee charged to a fire insurer by a city the size of Newberry shall not exceed 2% of the premiums. Such Code provision was first enacted in 1917. 31 Stat. 361. It is argued that the license tax here imposed upon plaintiff's classification is reasonable and valid since it does not exceed the foregoing statutory limitation. The fact, however, that the tax rate here does not exceed such limitation with respect to fire insurers does not form a rational basis for charging these particular taxpayers at a rate twenty times as much for a business license as most other business enterprises pay. Moreover, more than 93%

of plaintiff's premiums were received on casualty insurance business, rather than fire insurance, and the statute relied on makes no mention of such casualty insurance. Indeed, the casualty insurance business as we know it today was in its virtual infancy in 1917 when the particular statute was first enacted.

The collective depositions of the city officials contained testimony with reference to a number of matters allegedly considered by City Council in enacting the particular license ordinance, none of which were regarded by the Court below as sufficient justification for the classification and rate here under attack. It is now urged that such matters presented an issue of fact as to the reasonableness of the business license tax here involved and that, in any event, the Court erred in granting summary judgment based on findings of disputed facts.

The record fails to show, however, that any objection was interposed to the case being heard and disposed of on the motion for summary judgment. As far as the record shows, the defendants failed to make a showing, pursuant to Rule 44d, that there was any genuine issue of fact for trial. It would, therefore, appear that this issue has not been properly preserved for review by this Court. It appearing, however, from the record that approximately seventy other municipalities in South Carolina impose somewhat comparable business license taxes on fire and casualty insurers, thus rendering this case one of grave public importance, a majority of the members of the Court have concluded to remand this cause for the purpose of according the defendants a trial in the course of which the parties may fully develop, by evidence, any factual issues having relevance to the ultimate question of whether or not the City had any constitutionally rational basis for the classification and rate here under attack. In remanding the cause for trial, however, we intimate no opinion whatever as to the relevance, force or justifying effect of the facts which the City asserts raise an issue of fact as to the ultimate question involved. The

effect of our holding is simply to give the City of Newberry an opportunity upon trial to justify, if it can, the classification and rate of tax as being constitutionally permissible.

The error asserted in appellants' Exception No. 7 we deem not actually argued under their stated question No. 7, and, therefore, abandoned under the rule. But, even if not abandoned, the record is devoid of anything indicating that the question predicated on Exception 7 was raised or passed upon below.

For the reasons hereinafter set forth, the judgment below is presently neither affirmed nor reversed, the cause being remanded for further proceedings in accordance with the views hereinabove expressed.

Remanded.

Moss, C. J., and Lewis and Brailsford, JJ., concur.

Littlejohn, J., concurs in result only.