21964

SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Appellant-Respondent, v. CITY OF AIKEN and I. M. Hendrix, as Its Treasurer, Respondents-Appellants.

(306 S. E. (2d) 220)

*Julian B. Salley, Jr.*, Aiken, *Hubert F. Owens* and *William J. Quirk*, Columbia, *for appellant-respondent.*

*Henry Summerall, Jr.*, Aiken, and *Roy D. Bates*, Columbia, *for respondents-appellants.*

July 25, 1983.

LEWIS, Chief Justice:

Southern Bell Telephone and Telegraph Company appeals from a judgment enforcing the license tax ordinance enacted by the City of Aiken. We conclude that the ordinance as applied to the appellant offends the Equal Protection Clauses of the South Carolina and United States Constitutions. Constitution of South Carolina, Article I, Section 3; Constitution of the United States, Amendment XIV; *United States Fidelity and Guaranty Company v. City of Newberry*, 257 S. C. 433, 186 S. E. (2d) 239. Cross appeal by the respondent City of Aiken is denied, for reasons set out below. We therefore modify the ruling of the trial court and enter judgment for the appellant.

At the outset we hold that the Aiken ordinance, in principle, is constitutionally sound. Appellant contends that the City of Aiken, as a municipal corporation, is without the power to classify business and impose differing rates of taxation for licenses. In 1975 the General Assembly adopted Act 283 (codified as Section 5-7-30, Code of Laws of South Carolina, 1976) and deleted all reference to graduated taxation. Appellant argues that this was done with the intent of thereby repealing any prior authorization to impose graduated license taxes. Appellant also directs attention to the 1973 repeal of Section 6, Article VIII, South Carolina Constitution, which had directed that, "License or privilege taxes imposed shall be graduated so as to secure a just imposition of such tax upon the classes subject thereto."

We think the appellant has read these constitutional and statutory provisions out of context. In 1973, Article VIII of the South Carolina Constitution was completely revised to accomplish "home rule," granting renewed autonomy to local government. *Knight v. Salisbury*, 262 S. C. 565,

206 S. E. (2d) 875. Section 1 of the new Article VIII provided that, "The powers possessed by all counties, cities, towns, and other political subdivisions at the effective date of this Constitution shall continue until changed in a manner provided by law." We interpret the repeal of Section 6, Article VIII, as freeing municipalities, such as the respondent, from the mandate to employ only a graduated system, rather than barring them from the use of such method. In like manner we read 1975 Act 283 as achieving the same result in that it repealed former Section 47-271, Code of Laws, 1962, which *required* that licensing taxes be graduated.

Appellant urges that no graduated license tax may be imposed without expressed statutory authorization, and we agree that the licensing power of municipalities is to be strictly construed and exercised in strict conformity with the terms of its grant. *Southern Fruit Co. v. Porter,* 188 S. C. 422, 199 S. E. 537. At the same time, however, the power to impose a license tax implies a power to classify business and differentiate as to rates of taxation. In *Hill v. City Council of Abbeville,* 59 S. C. 396, 427, 38 S. E. 11, this Court found:

> As all callings, occupations and kinds of business differ more or less, the one from the other, the very power to impose a tax that will be just on each class, 'involves the right to make distinctions between different trades, and between essentially different methods of conducting the same general character of business or trade . . . and what is a reasonable license fee, must depend largely upon the sound discretion of the city council.'

We hold that the City of Aiken is not barred by the South Carolina Constitution nor by 1975 Act 283, Section 5-7-30, Code, 1976, from imposing a graduated license tax since the choice of this method is incident to the power of licensing itself. Such holding is consistent with the rule that:

> . . . municipal corporations possess and can exercise only such powers as are granted in express words, or those necessarily or fairly implied in or incident to the powers expressly conferred, or those essential to the accomplishment of the declared objects and purposes of the corporation.

*McKenzie v. City of Florence,* 234 S. C. 428, 437, 108 S. E. (2d) 825.

The record reveals that the City of Aiken in 1979 adopted a revised licensing ordinance. Seven classifications of business were designated and rates of taxation established for each category. This portion of the ordinance was drafted for the City of Aiken by a consulting firm. An eighth category was thereafter created which, in the words of the trial court, presented a "hodge podge" assortment of occupations and businesses. We are struck by the fact that at no point does the trial court find any rational basis for this residual classification nor does the record, in our view, support it. Even more striking is the undisputed fact that the appellant was taxed at twenty-four (24) times the average rate imposed upon other businesses under the ordinance. The trial judge finds the tax "high and potentially disproportionate" and yet nowhere articulates a finding that such discrimination rests upon any rational basis. In fact the record lacks sufficient evidence that would support an express finding of a rational basis. We are therefore not bound by any implication of such finding in the trial court's refusal to "substitute its wisdom or judgment, or lack thereof, for that of City Council." *Townes Associates, Ltd. v. The City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773.

A comparable situation was presented to this Court in *United States Fidelity and Guaranty Company v. City of Newberry, supra,* 257 S. C. 433, 441, 186 S. E. (2d) 239, in that we found a "grossly disproportionate" rate of taxation where the respondent insurers paid taxes at a rate twenty times that paid by other enterprises. While the appellant here raises a number of objections to the Aiken ordinance, we look no further than the disproportionality just noted and the lack of any rational basis therefor in concluding that a denial of equal protection has here occurred. Appellant's prayer for refund of license taxes paid under protest should have been granted.

By way of cross-appeal, the City of Aiken contends that the trial court erred in failing to sustain its claim that intrastate calls should be included in gross income of the appellant for license tax purposes. The trial court expressly found that such a claim had no rational basis in the

record. We agree and affirm the finding of the trial judge on this point.

The respondent City of Aiken may constitutionally impose a graduated license tax, but the 1979 ordinance applied an unreasonable and discriminatory rate to the appellant. Accordingly, we modify the judgment of the trial court and grant a refund to the appellant as prayed for in its complaint. In all other respects, the judgment is affirmed.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.