22413

THOMSON NEWSPAPERS, INC., Respondent, v. CITY OF FLORENCE, Joe W. Pearce, Jr., Mayor, John A. Sellers, Ben Dozier, Haigh Porter, Edward J. McIver, James T. Schofield and K. Fred Samra, members of City Council of the City of Florence, and Brenda Best, License Inspector of the City of Florence, Appellants.

(338 S. E. (2d) 324)

Supreme Court

*James R. Bell,* Florence, *for appellants.*

*E. N. Zeigler* of *Zeigler, McEachin & Graham,* Florence, *for respondent.*

Heard Oct. 7, 1985.

Decided Dec. 3, 1985.

*Per Curiam:*

Respondent Thomson Newspapers challenged the constitutionality of a city ordinance that imposed a business license tax on daily newspapers at a higher rate than other businesses were charged. The trial judge declared a section of the ordinance unconstitutional as violative of the equal protection and due process clauses of the Fourteenth Amendment, and violative of the First Amendment as a restriction on freedom of the press. We reverse.

The appellant City of Florence classifies businesses for purposes of assessing fees for annual business licenses. A separate classification exists for daily newspapers. Thomson, a daily newspaper, alleged it should be classified as a manufacturer for business licenses fees, under which it would have paid a smaller business license fee.

The trial judge found the city had failed to show any rational basis for classifying newspapers separately from manufacturers, and invalidated the separate classification on constitutional grounds.

Municipalities are empowered to levy a business license tax on gross income. S. C. Code Anno. Section 5-7-30 (Supp. 1984); Article VIII, Section 1, South Carolina Constitution. The power to impose a license tax implies the power to classify businesses and establish rates of taxation. *Southern Bell Telephone & Telegraph Company v. City of Aiken*, 279 S. C. 269, 306 S. E. (2d) 220 (1983). However, the classifications must be reasonable and not arbitrary, and must be equally assessed on persons of the same class. *Wingfield, et al. v. S. C. Tax Commission, et al.*, 147 S. C. 116, 144 S. E. 846 (1928). A newspaper may be subjected to nondiscriminatory forms of general taxation. *Branzburg v. Hayes*, 408 U. S. 665, 92 S. Ct. 2646, 33 L. Ed. (2d) 626 (1972).

The burden is upon the taxpayer to prove beyond a reasonable doubt the unconstitutionality of a taxing ordinance. *Southern Bell Telephone & Telegraph Company v. City of Spartanburg*, 285 S. C. 495, 331 S. E. (2d) 333 (1985). The taxpayer must negate every conceivable basis which might support the tax. *North Charleston Land Corporation v. City of North Charleston*, 281 S. C. 470, 316 S. E. (2d) 137 (1984). Thomson argues this burden is shifted to the city where, as here, the ordinance is challenged on First Amendment grounds, citing *Minneapolis Star & Tribune Company v. Minnesota Commissioner of Revenue*, 460 U. S. 575, 103 S. Ct. 1365, 75 L. Ed. (2d) 295 (1983). That decision is inapplicable to the present case for several reasons, but primarily because it dealt with a use tax that applied *only* to newspapers. The constitutional infirmity in that case was a tax that singled out the press for differential treatment. In the present case, all businesses are subject to the business license tax, and newspapers are merely a separate classification. The burden was upon respondent to demonstrate the unconstitutionality of the ordinance beyond a reasonable doubt. We hold it failed to carry that burden.

Thomson established it was classified as a manufacturer by the Internal Revenue Service and the South Carolina Tax Commission for purposes of income taxation and *ad valorem* taxation. The publisher of Thomson's newspaper testified that, to his knowledge, the newspaper did not require any municipal services other than those required by a manufacturer.

This showing was insufficient to overcome the presumption of constitutionality which attaches to an ordinance. *North Charleston Land Corporation v. City of North Charleston, supra.* It was not incumbent upon the city to negate the allegation of unconstitutionality, as suggested by the trial judge's order. The judgment of the lower court must be reversed.

Reversed.