Darling v. The City of St. Paul.

JOSEPH D. DARLING, Plaintiff in Error

*vs.*

THE CITY OF ST. PAUL, Defendant in Error.

When, by the charter of a city, the power to license a particular occupation within its limits is given to the common council of the city, such power involves the necessity of determining with reasonable certainty both the extent or duration of the license, and the sum to be paid there-

for; such power must be exercised exclusively by the common council, and cannot be delegated by it, in whole or in part, to any other person or authority.

By the charter of St. Paul the common council of the city is authorized to license, among other things, the selling or contracting for the sale of any goods, wares or merchandize by sample, when such goods wares or merchandize are thereafter to be sent or delivered to the purchaser; "*Provided*, that not less than five dollars, nor more than five hundred dollars, shall be required to be paid for any license" under the charter, etc. Under this charter the common council passed an ordinance making it unlawful for any person without a license to sell, or expose for sale, by sample, any goods, wares or merchandize within the city, when such goods, wares or merchandize are thereafter to be sent or delivered to the purchaser, and, by the second section of the ordinance, enacted as follows : "Any person desiring to sell by sample in said city may, by paying to the city treasurer the sum of five dollars for every three days, obtain a license from the city clerk, under the seal of the city, on presentation of the city treasurer's receipt." The third section of the ordinance prescribed the penalty for violation of the ordinance. *Held*, that the second section of the ordinance is void, first, because it delegates to the licensee the power to determine the time for which the license shall be granted; second, because it authorizes the licensee to so determine the time for which the license shall continue, that the amount of the license in every case may be more than the maximum amount authorized by the charter to be charged in any case.

*Certiorari* to the city justice of the city of St. Paul, before whom the plaintiff in error had been convicted of a violation of an ordinance of the city, and had been sentenced to pay a fine of twenty-four dollars. The ordinance is set forth at length in the opinion, with so much of the charter of the city as is necessary for a full understanding of the case.

DAVIS & O'BRIEN, for Plaintiff in Error.

W. A. GORMAN, for Defendant in Error.

*By the Court.*—McMILLAN, J.—In the view we take of this case, it will be necessary to consider only whether the ordi-

nance in question is in accordance with the power granted by the city charter. We will therefore assume, for the purposes of this case, that the legislature has authority to license and regulate the occupation or employment of selling, by sample, goods, wares and merchandize, and to require the payment of a sum of money for such license, and may likewise confer such powers upon municipal corporations.

By express provision of the charter of the city of St. Paul, it is enacted that the common council, for the government and good order of the city, shall have full authority by ordinances, resolutions or by-laws, among other things, " to license and regulate the selling, or contracting for the sale, of any goods, wares or merchandize, by samples, when such goods, wares or merchandize are thereafter to be sent or delivered to the purchaser." *Provided*, " That not less than five dollars, nor more than five hundred dollars, shall be required to be paid for any license under this act, and the fee for issuing the same shall not exceed one dollar." *Charter of St. Paul, ch. 4, sec. 3, subdiv. 1st; Sp. L. 1868, ch. 26, pp. 69, 70.*

The ordinance passed by the city council, as amended, and claimed by the defendant in error to be in pursuance of and in accordance with the power conferred in the charter, is as follows :

" Section 1. It shall not be lawful for any person to sell or expose for sale by sample any goods, wares or merchandize, within the city of St. Paul, when such goods, wares or merchandize are hereafter to be sent or delivered to the purchaser, without having first obtained a license for that purpose.

" Sec. 2. Any person desiring to sell by sample in said city, may, by paying to the city treasurer the sum of five dollars, for every three days, obtain a license from the city clerk under the seal of the city, on presentation of the city treasurer's receipt.

"Sec. 3. Any person, who violates any of the provisions of

this ordinance, shall, upon conviction before the city justice, pay a fine not exceeding one hundred dollars."

The power of granting licenses in cases of this kind, is vested by the charter in the common council of the city. The exercise of this power involves the necessity of determining with reasonable certainty both the extent and duration of the license, and the amount of money to be paid therefor. The power must be exercised exclusively by the city council, and cannot be delegated, in whole or in part, to any other person or authority whatever. *Cooley's Const. Lim.*, 204; *Smith's Com.*, § 580; *Dillon on Mun. Corp.*, § 60.

No specific time, for which a license shall be granted, is fixed by the ordinance. The provision of the ordinance is that any person "may, by paying to the city treasurer the sum of five dollars for every three days, obtain a license." It is apparent that, in order to ascertain the amount of license money to be paid in any case, the time for which the license is to continue must first be determined. How is this to be done? The most favorable construction for the defendant, which can fairly be given to the ordinance as it is framed, it seems to us, is that it authorizes the license to be granted for any time for which the licensee shall be willing to pay, and shall pay, at the rate of five dollars for every three days thereof, thus authorizing the licensee in every instance to determine for what length of time the license shall continue. This, it will be observed, is not a permission to the licensee to elect between licenses for different terms of time established by the city council, but a delegation to the licensee of power to determine the term for which the license shall be granted. This, we have seen, cannot be done, and the second section of the ordinance thus construed is void.

A further objection to this section of the ordinance is, that it authorizes the licensee to so determine the time of the

Darling v. The City of St. Paul.

license, that the amount to be paid therefor may, in every case, be more than five hundred dollars, the maximum amount authorized by the charter to be charged in any case. For, at the rate fixed by the ordinance, a license for a single year, which is certainly not an unreasonable time, would amount to more than that sum. The second section of the ordinance is therefore void, because it prescribes a greater amount to be paid for a license than is authorized by the charter.

We must take notice that the occupation, which is made the subject of license by this ordinance, is a legitimate and useful one, and, in itself, not in any way dangerous or liable to become a nuisance, and, under the power to license in the charter, could not be unconditionally prohibited. (*Dillon on Mun. Corp.*, § 291.) The first section of the ordinance, therefore, which declares it unlawful to sell, etc., without first having obtained a license, in the absence of any provision for obtaining a license, would be an unreasonable restraint upon trade; and the provision for license contained in the second section being void, both sections must fall together. The third section, therefore, becomes inoperative, and the proceedings under it are without authority.

We need not consider the further objection urged by the counsel for the plaintiff in error.

BERRY, J.—I concur in the reversal of judgment in this case. Judgment reversed.