## WHITE v. TOWN COUNCIL OF ROCK HILL.

1. LICENSE TAX.—Where a merchant during the year changes the character of his stock, as from dry goods to groceries, he continues to be a merchant, and does not thereby render himself amenable to a license tax imposed on those engaged in the business of a merchant for a shorter period than one year.

2. FACTS IN A LAW CASE.—Where the Circuit Judge reverses the findings of a trial justice in a law case, assigning no reasons therefor, and there is some evidence of facts which tend to support this reversal, this court cannot declare the judgment erroneous.

3. MUNICIPAL TAXATION.—A municipal tax can be imposed only by authority conferred upon the corporation by statute and in strict conformity to such authority. Under power to impose a license tax on transient persons engaged temporarily in business, it is doubtful whether a municipal corporation can require a license from persons coming into the town and engaging in the business of a merchant for a shorter period than one year.

4. IBID.—But as there was no evidence to show that plaintiffs intended to engage in business for a shorter period than one year, and some evidence to show the contrary, they were not chargeable with the license tax collected from them by the town council.

Before PRESSLEY, J., York, November, 1889.

Action by F. H. White and W. Y. Hemphill, trading under
the firm-name of F. H. White & Co., against the Town Council
of Rock Hill, commenced before a trial justice on October 2,
1888. The opinion states the case, the exceptions to the order
of the Circuit Judge being as follows:

1. Because the ordinance of the defendant was in conformity
to and authorized by its charter, and the evidence showing that
the plaintiffs were engaged only temporarily in business, the decision of the trial justice should have been sustained, and it was
error, it is respectfully submitted, in the Circuit Court to reverse

said decision. 2. Because the trial justice was right in holding that the evidence showed that the plaintiffs were transient persons, temporarily engaged in business, and it was error, it is respectfully submitted, in the Circuit Court to hold otherwise. 3. Because, if the intent of the plaintiffs as to the length of time they would remain in Rock Hill was material, which defendant denies, the evidence still showed that such intent was to engage in business temporarily or for a less period than one year, and the decision of the trial justice should therefore have been sustained. 4. Because the effect of the judgment of the Circuit Court is to render the charter provision of the defendant, with reference to licenses, powerless to accomplish the object for which it is intended.

*Mr. W. J. Cherry*, for appellant.

*Mr. W. B. Wilson, jr.*, contra.

July 21, 1891. The opinion of the court was delivered by

MR. JUSTICE McIVER. By the act of 1887 (19 Stat., 1163), the town council of Rock Hill is, amongst other things, invested with power "to require all insurance, telegraph, and express companies doing business in said town, and also all transient persons, companies, or corporations of any kind whatsoever, engaged temporarily in any business, profession, or occupation in said town, except such as are engaged as teachers or as ministers of the gospel, to pay to said town such sum or sums of money as a license tax as said town council may by ordinance direct: Provided said license tax shall not exceed the sum of one hundred dollars per annum." On the 6th of February, 1888, an ordinance was adopted by the said town council, portions of which are set out in the "Case," for the purpose of fixing the amount of licenses and special taxes imposed for the year commencing 20th January, 1888, and ending January 20, 1889, the fifth section of which reads as follows: "That all persons coming into the town of Rock Hill within said year to engage therein in the business of a merchant for a shorter period than one year, shall severally pay into the treasury of said town a license tax of fifty dollars."

The following somewhat equivocal statement is made in the "Case": "The plaintiffs engaged in the business of a merchant in the town of Rock Hill, commencing about June 30, 1888, and continuing for about seventy-five days when they sold out *or changed their business from dry goods to produce store.* Thereupon demand being made upon them for the license fee of fifty dollars, according to the requirements of the said ordinance, they paid the same under protest and commenced this action before a trial justice to recover back the same." The case was first heard by a jury, which failing to agree, a mistrial was ordered, and it was again heard by the trial justice, who rendered judgment for the defendant, which, upon appeal to the Circuit Court, was reversed and judgment rendered in favor of plaintiffs. From this last mentioned judgment defendant appeals to this court upon the several grounds set out in the record.

The words which we have italicized in the quotation from the "Case" above, render it doubtful, to say the least of it, whether the plaintiffs were amenable to the tax. For if they simply changed their business from dry goods to groceries, they were still engaged in the business of a merchant, and until it was shown that they were engaged in that business for a shorter period than one year, they did not come within the provisions of the ordinance. The Circuit Judge simply reversed the judgment of the trial justice by a short order, without assigning any reasons; and we are not informed of the grounds upon which he based his conclusion. If he concluded as matter of fact that the evidence was not sufficient to show that the plaintiffs had been engaged in business as a merchant for a less period than one year, then we have no jurisdiction to review such finding. And as there is evidence set out in the "Case" which tends to support that conclusion, we cannot say that there was any error in his judgment.

In addition to this, it is at least doubtful whether the tax imposed in this case was legal. Two things are essential to the validity of any tax imposed by a municipal corporation: 1st. The power to do so must be conferred upon such corporation by an act of the legislature; that body having been entrusted with the taxing power by the people through

the constitution, which contains a provision (sec. 8, art. IX.), authorizing the delegation of that high power to the corporate authorities of towns for certain purposes, &c. See *Floyd* v. *Perrin*, 30 S. C., at page 15.    2nd. The power thus conferred must be exercised by the municipal authorities in conformity with the terms of the grant.    In this case it appears that the town council of Rock Hill has been invested by the legislature with power to require "all transient persons * * * engaged temporarily in any business" to pay a certain license tax, and the said town council has undertaken to exercise this power by passing an ordinance to impose license and special taxes for the year commencing 20th January, 1888, in which it is provided "that all persons coming into the town of Rock Hill within said year to engage therein in the business of merchant for a shorter period than one year" shall pay the tax in question. Now, whether the power conferred has been exercised in conformity to the terms of the grant—whether the power to impose such a tax as the one in question upon transient persons, engaged temporarily in business, is properly exercised by imposing such tax upon any person coming into the town to engage in the business of a merchant for a less period than one year—is a question which may admit of some doubt.

But waiving that, and assuming that the power was properly exercised, yet inasmuch as there was no evidence that the plaintiffs went to Rock Hill to engage in business as merchants for a less period than one year, and, on the contrary, there was evidence derived from the terms of the written agreement for the rent of the store for one year, with the privilege of two years, tending to show that the plaintiffs came to Rock Hill to engage in business for at least a year, if not longer, the Circuit Judge was fully justified in reaching the conclusion that the plaintiffs were entitled to judgment.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.