13150

MARTIN *ET' AL.* v. RICHARDSON, CHIEF GAME WARDEN

(158 S. E., 731)

September, 1930.

*Messrs. Benet, Shand & McGowan,* for appellant,

*Messrs. John M. Daniel, Attorney General, Cordie Page* and *J. Ivey Humphrey, Assistant Attorneys General,* for the respondent,

May 22, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action brought by the plaintiffs Martin and Roth, on behalf of themselves and all others similarly situated, for the purpose of obtaining a judicial construction of what is known as the Hide Buyers' Act, 36 Stat., 1348, establishing the rights of the plaintiffs and other parties affected thereby, and that pending such adjudication the officers charged with the enforcement of the statute be enjoined from collecting the license thereunder and from enforcing the penalties provided therein. ·

The plaintiffs are not connected in business, and it will be convenient to consider only the plaintiff Martin.

The action was instituted on July 1, 1930, at which time a temporary restraining order and a rule to show cause was signed by his Honor, Judge Mann, returnable before his Honor, Judge Townsend, who heard the matter upon the complaint and return of the defendant and adjudged the return sufficient by an order in September, 1930. From this order this appeal comes.

The plaintiff, Martin, is a resident of the county of Richland, and is engaged in the business of buying furs, hides, pelts, etc., throughout the state, and in selling them at wholesale and shipping them to buyers outside the state.

The construction placed upon the statute by the Attorney General, which the chief game warden proposes to follow, is:

(1) That a resident of the state shall procure a license in the county in which he resides, the license to be good only in that county, for which he shall pay a fee of $25.00.

(2) That a resident of the state, desiring to do business in any county other than that of his residence, shall procure a license for such county, for which he shall pay a fee of $25.00.

(3) That a nonresident of the state, desiring to do business in the state, shall procure a license which shall be good in any county of the state, for which he shall pay a fee of $200.00.

The construction placed upon the statute by his Honor, Judge Townsend, in his decree, is confirmatory of the construction adopted by the Attorney General, but interpolates an option which does not appear either in the opinion of the Attorney General or in the statute: That, where a resident of the state desires to do business in a county or counties other than the county of his residence, in addition to the license required to be taken out in the county of his residence, which under the statute he must procure whether he desires to do business in that county or not, it is optional with him either to procure county licenses at $25.00 per county or a state license, good in every county of the state, for which he shall pay a fee of $200.00.

His Honor concludes that, if such resident buyer should desire to do business in more than eight counties, the fees for which at $25.00 per county would exceed $200.00, it would constitute a discrimination against him to require a greater license fee than $200.00 from him, while a nonresident buyer could roam every county in the state for a

fee of $200.00, a very proper conclusion if there were any provision in the statute which authorized such an option.

The plaintiff attacks the constitutionality of the statute upon the grounds:

(1) That the Statute provides for a statewide license of $200.00 for nonresidents, while a resident, doing business in more than eight counties, would be required to pay more than $200.00, an unconstitutional discrimination against a resident buyer.

(2) That the statute imposes a business license tax which is not graduated.

The plaintiff assigns error in the decree for the reasons:

(1) That the statute specifically provides that a license issued to a resident of the State, in the county of his residence, "shall be good in any county of the State," a provision to which the Circuit Judge erroneously refused to give effect.

(2) That the Circuit Judge was powerless to save the constitutionality of the statute by according to a resident buyer the option above referred to, which is not provided for in the statute.

(3) That the ruling that the resident buyer, who desires to do business in a county or counties other than that in which he resides, must procure a license or licenses in such other counties, cannot be sustained, for the reason that the statute requires the resident buyer to procure a license in the county in which he resides, and there is no authority in the statute for the issuance of a license in any county other than that in which he resides.

We are of opinion that every position taken by the plaintiff, set forth in the two preceding paragraphs and numbered 1, 2, and 1, 2, 3, must be sustained. See 25 R. C. L., 960, 962, 963, 964, 974, 1002, 1004; *Hershiser v. Ward*, 29 Nev., 228, 87 P., 171; *Garrison v. Perkins*, 137 Ga., 744, 74 S. E., 541; *Thomas v. Thomas* (Ky), 110 S. W., 853; *McCuistion v. Fenet* (Tex. Civ. App.), 144 S. W., 1155;

1 Words and Phrases, Second Series, 216-225; *Louisville Co. v. Coleman,* 277 U. S., 37, 48 S. Ct., 423, 72 L. Ed., 770; *Wingfield v. Tax Com.,* 147 S. C., 135, 144 S. E., 846; *Quaker Co. v. Pennsylvania,* 277 U. S., 389, 48 S. Ct., 553, 72 L. Ed., 927; *Sirrine v. State,* 132 S. C., 249, 128 S. E., 172; *Standard Co. v. Spartanburg,* 66 S. C., 45, 44 S. E., 377.

The judgment of this Court is that the order appealed from be reversed, and that the case be remanded to the Circuit Court for further proceedings consistent herewith.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES STABLER and CARTER, and MR. ACTING ASSOCIATE JUSTICE COSGROVE concur.