13871

AMERICAN BAKERIES CO. v. CITY OF SUMTER

(174 S. E., 919)

*Messrs. Epps & Epps,* for appellant-respondent,

*Mr. Shepard K. Nash,* for respondent-appellant,

June 13, 1934.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

The City Council of Sumter passed an ordinance entitled: "An Ordinance to Require the Payment of Licenses on Businesses, Occupations and Professions in the City of Sumter, S. C., for the Year 1932."

Businesses, occupations, and professions were divided into fifteen classes, classified and graduated, and among them were classes Nos. 6 and 4, as follows:

Class No. 6—Bakeries, $25.00.

Class No. 4—Bakers or bakeries with established place of business out of the City of Sumter, and selling or delivering their products within the City of Sumter by truck or otherwise, per year, $50.00.

American Bakeries Company, a corporation of the State of Georgia, had no place of business in the City of Sumter, although it sold and delivered its products within the city and came directly under the provisions of class No. 4. It was, therefore, required to pay a license of $50.00. Upon payment of that amount under protest it brought this suit to recover of the City of Sumter the sum of $50.00, alleging that the ordinance was unconstitutional in certain respects hereinafter more fully set forth. Upon this complaint and an answer served by the city, the cause was submitted to his Honor, Judge Dennis, without a jury. He rendered his decree, holding that the ordinance was void but that the plaintiff should pay a license fee under class No. 6, amounting to $25.00. He, therefore, rendered judgment against the city for $25.00, and from this judgment, both parties have appealed; the plaintiff alleging error in requiring the payment of any amount since the ordinance was declared void, and the city alleging that the ordinance was valid and that it should have been so held. As the parties are both appellant and respondent, it may be best to refer to them as plaintiff and defendant; they thus appearing in the original cause.

Being of the opinion that the appeal of the defendant city should be sustained, the appeal of the plaintiff, although pre-

senting a most interesting question as to the power of the Circuit Judge to render judgment against it after the applicable section of the ordinance was held by him to be void, passes out of the case and will not be further considered.

The attack upon the validity of the ordinance is upon the ground that it offends against the Constitution of the United States, as declared in Section 1 of the Fourteenth Amendment, to the effect that the plaintiff is denied due process of, and equal protection of, the laws. The Constitution of the State (1895) is alleged to be contravened in that Article 1, § 5, contains the same guaranties as set forth in the Constitution of the United States, above mentioned, and also that the license was not uniform in respect to persons and property nor was the same graduated to secure a just imposition of such tax upon the classes subject thereto, as declared in Article 8, § 6.

The decree of the Circuit Judge sustained all constitutional objections, but he explained his holding in these words: "In other words, I think the classification in the respect in which it is herein attacked is not a reasonable classification, in that the amount is doubled, for those bakers or bakeries with established places of business outside of the City of Sumter, over and above the amount required of bakeries with established places of business located within the City of Sumter."

It will thus appear that he based his holding upon the *unreasonableness* of the ordinance. It is true that he also sustained the objection to the ordinance upon the ground that it was not graduated as provided in Article 8, § 6, of the Constitution, but this objection seems not to have been mentioned in the briefs of either counsel. From the agreed statement appearing in the transcript it seems that the ordinance "undertakes to classify and graduate the licenses to be paid * * * with various graduations." As the ordinance is not printed in full in the transcript, we are more inclined to say that the above-quoted words show a compliance with the constitutional provision than otherwise.

Courts have been quite liberal in according to municipalities the right to classify the subjects to license taxes, and such classifications are generally upheld where the subjects are in different conditions; where the selection is not capricious and arbitrary; where there exists a reasonable ground for difference or policy.

The Supreme Court of the United States thus declares the law in the case of *State Board of Tax Commissioners v. Jackson,* 283 U. S., 527, 51 S. Ct., 540, 543, 75 L. Ed., 1255, 73 A. L. R., 1464: "The power of taxation is fundamental to the very existence of the government of the states. The restriction that it shall not be so exercised as to deny to any the equal protection of the laws does not compel the adoption of an iron rule of equal taxation, nor prevent variety or differences in taxation, or discretion in the selection of subjects, or the classification for taxation of properties, businesses, trades, callings, or occupations."

Also in the case of *American Sugar Refining Co. v. Louisiana,* 179 U. S., 89, 21 S. Ct., 43, 45 L. Ed., 102, it is said that although a statute may discriminate in favor of certain classes, the discrimination is not arbitrary if founded upon a reasonable distinction, citing other United States cases.

In *Brown-Forman Co. v. Kentucky,* 217 U. S., 573, 30 S. Ct., 578, 580, 54 L. Ed., 883, it is said: "A very wide discretion must be conceded to the legislative power of the state in the classification of trades, callings, businesses, or occupations which may be subjected to special forms of regulation or taxation through an excise or license tax. If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law."

In the case of *Cowart v. City Council of Greenville,* 67 S. C., 35, 45 S. E., 122, 125, the rule has been carried to a greater length than is permitted in many other states. In that case the ordinance of the City of Greenville imposed minimum licenses of $50.00 upon banks and $25.00 upon

private banks lending on individual securities, but imposed a license of $200.00 on persons lending money on personal property securities only. Cowart was required to pay a license of $200.00, which amount he paid under protest and brought suit to recover the same, claiming the ordinance to be unconstitutional. The Supreme Court sustained the constitutionality of the ordinance in an elaborate opinion in the course of which it was said: "The decisions of the United State Supreme Court established that the legislature has power to make a classification of persons or property for public purposes, provided such classification is not arbitrary and bears reasonable relation to the purpose to be effectuated, and that the equality clause is not violated when all within the designated class are treated alike."

In the very recent case of *Crosswell & Co., Inc., v. Bishopville*, 172 S. C., 26, 172 S. E., 698, this Court permitted a classification between merchants residing in another town where the circumstances and conditions were not similar.

The classification between residents of a city and nonresidents where the circumstances and conditions are different is fully justified, and as there is nothing to show that the imposition of a higher license on nonresidents was unreasonable, capricious, or confiscatory, no provision of either the Constitution of the State or of the United States was violated.

In addition to the above, we may take this occasion to say that the plaintiff is a foreign corporation doing business in this State merely by sufferance and subject to all State laws and could not, by any stretch of the imagination, be considered in the same class with a resident of the City of Sumter. While this is not controlling as to the constitutionality of the ordinance as drawn, it does show that the plaintiff is in a most unfavorable position to attack its constitutionality.

The ordinance is, therefore, declared to be a valid exercise of the functions of the City Council of Sumter, and the decree of the Circuit Judge is accordingly reversed.

Mr. Chief Justice Blease and Messrs. Justices Stabler, Carter and Bonham, concur.