15899

TRIPLETT v. CITY OF CHESTER *ET AL.*

(40 S. E. (2d), 684)

*Mr. Charles W. McTeer,* of Chester, for Appellants,

*Mr. J. Means McFadden,* of Chester, for Respondent,

December 13, 1946.

. Mr. Associate Justice Oxner delivered the majority opinon of the Court.

This is an action for the recovery of a license or occupation tax paid under protest by respondent to the City of Chester. The tax involved, amounting to $25.00, was imposed under the terms of an ordinance enacted on August 21, 1945, and made effective on January 1, 1946. Prior to this time there was no business license or occupation tax imposed by the City of Chester.

The purpose of the ordinance, as stated in the title, is "to raise revenue for the operation of the City of Chester by providing for the licensing of all businesses, trades and professions carried on in the City of Chester." Section 1 is as follows: "That every person, firm or corporation hereafter engaged in any business, profession or vocation hereafter mentioned within the corporate limits of the City of Chester, S. C., shall first secure from the City Treasurer of the said city a special license to conduct said business, for which shall be paid in advance to the City Treasurer a special license tax as hereinafter fixed in this ordinance." The license required is due and payable during the month of January of each year and expires on December 31st. Section 11 provides: "That where the license fee provided for in this ordinance is based on volume of business or gross income, then the person, firm or corporation applying for a license shall submit an affidavit to the City Treasurer at the time said application is made and the affidavit must show

the volume of business or gross income of the business in the City of Chester during the preceding calendar year." The following license or tax is imposed on the contractors:

"Building Contractors, resident, gross income
    $1,000.00 or less, per year ............... $ 25.00
For each additional $1,000.00 or fractional part
    thereof, per year ........................$ 1.00"
"Contractor, resident, gross income $5,000.00 or
    less per year ...........................$ 50.00
For each additional $1,000.00 or fractional part
    thereof, per year ........................$ 1.00"

(Respondent states in his brief that the license of contractors having a gross income of $5,000.00 or less per year was subsequently reduced from $50.00 to $25.00.)

Respondent is a resident of Chester. He is now, and has been for a number of years, engaged in business as a general contractor, building and constructing highway and railroad bridges, overpasses and underpasses, and other work of a like nature. He has carried on this work in various sections of South Carolina and in other States but has never done any actual construction work within the City of Chester. Prior to 1939, the only office maintained by him was at the site of actual construction. During that year he established a central office in a building owned by him in the City of Chester. In this office the books and records are kept and payrolls made up, business appointments are made and consultation with other contractors held, bids on projects prepared and contracts executed, and other usual administrative work incident to such business performed. One or more employees are regularly in said office during business hours and respondent is there when not away at some project under construction. All equipment when not in use is stored in the building in which the office is located.

This appeal is by the City from an order of the Court below permitting recovery of the tax paid under protest

by respondent, together with interest thereon. The trial Judge reached the following conclusion: "It is all too clear that the language of the ordinance was not only 'reasonably susceptible of an interpretation that would exclude' the plaintiff, but it is clear that the ordinance as to the plaintiff herein is null, void and of no force and effect." He said: "Under the admitted facts in this case, the plaintiff having not engaged in contracting in the City of Chester and not having received any revenue therefrom, the City of Chester is attempting to levy a tax on contracting work done in other municipalities, which is beyond its power to do so."

The right of a municipality of the size of the City of Chester to impose a license on all persons engaged in any business, occupation or profession within its corporate limits is apparently unchallenged. See Section 7433, Code of 1942, and Article 8, Section 6, of the Constitution.

We are unable to agree with the soundness of respondent's contention that no part of his business was conducted within the corporate limits of Chester. It is the privilege of doing business within the municipality that is sought to be taxed. The administrative and executive work, an indispensable phase of respondent's business, was conducted in the office established, maintained and operated in the City. His equipment when not in use was stored in the City. This portion of his business enjoyed all the advantages afforded by the municipal government of Chester to any other business conducted within its corporate limits. We cannot dissociate the managerial features of the business which were conducted within the City, along with the storing of equipment, from the manual execution of the work which was done without the City. All are essential functions of the general contracting business in which respondent is engaged. It frequently happens that there is a business located within a municipality that does not do *all* of its business within the corporate limits of such town or city.

In *Crosswell & Co., Inc., v. The Town of Bishopville*, 172 S. C., 26, 172 S. E., 698, it was held that the plaintiff was liable for a license tax for "doing business" in the Town of Bishopville although it was engaged in the wholesale grocery business in the City of Sumter, where it had its principal place of business, and the only business done at Bishopville consisted of the delivery of merchandise to customers in said town by trucks sent once or twice each week for a period of two years.

The facts in the case of *City of LaGrange et al. v. Whitley,.... Ga.....*, 180 S. E., 823, are quite similar to those we are now considering. There was of force in the City of LaGrange an ordinance levying an occupation tax of $50.00 upon each contractor engaged in "street or sidewalk paving". The plaintiff, Whitley, a paving contractor, personally resided and maintained his general office in LaGrange, but he also maintained an office in various other places where the work was being done, and all of the detail work was transacted through the office located at the site of the job. Although he did no paving in the City of LaGrange during certain years, that municipality, under the terms of the ordinance mentioned, sought to hold him liable for the occupation tax levied on contractors. The Court held that he was liable for the tax notwithstanding the fact that during the period in controversy he laid no paving within the corporate limits of LaGrange. The Court said: "It further appeared from his (plaintiff's.) affidavit that his office where his 'general office work was done' was located within the limits of the city. This would necessarily imply that his managerial and executive work was conducted at that point. But the evidence for the defendants went into detail and explained fully the nature of the acts carried on at the general office. This evidence was not disputed by the plaintiff, nor was it inconsistent with anything testified by him. The evidence as a whole demanded a finding that the plaintiff was engaged in the business of a contractor for the purpose of paving streets and sidewalks during each of the five years

in question, and that he conducted such business each year in the city of LaGrange, within the meaning of the ordinance. This conclusion is not altered by the fact that during certain years the physical or ministerial performance of all his paving contracts was done elsewhere * * *. What is done at the general office of general headquarters cannot be said to be a mere incident of a business in which the proprietor is engaged. It is a substantial and necessary portion of the composite undertaking, and is not a distinct element or part, or a mere incident of such business. In the present case the principal office, the very seat of the business, was situated in the city of LaGrange, where important duties and responsibilities were executed * * *. Whether a business like the plaintiff's might have more than one taxable location or situs, and whether or not the situs is the controlling factor in the sense that an occupation tax could not be levied elsewhere, are questions which are not involved in the case at bar, because in any view of these questions the principal situs here was in the city of LaGrange. Nor is it necessary in this case to consider whether situs alone would make the business taxable. In addition to the proof on that subject, the evidence in the instant record shows without dispute that acts of executive management with other important functions, constituting a material portion of the business as a unified whole, were continuously performed within the limits of the municipality; and under all the evidence the ordinance was applicable".

Also, see *Blue Field Produce & Provision Co. et al. v. City of Blue Field,* .... W. Va., ...., 196 S. E., 568. The Court there analyzes and distinguishes the case of *City of Sedalia v. Shell Petroleum Corporation,* 81 Fed. (2d), 193, 106 A. L. R., 1327, which is so strongly relied on in the instant case by respondent.

The right of a municipal corporation to impose a tax of this kind upon a corporation or business conducted within the city limits, although a portion of the business is carried on or the transaction is factually com-

pleted outside such municipality, is generally recognized. *Sedalia ex rel. Bauman v. Standard Oil Co.,* 66 Fed. (2d), 757, 95 A. L. R., 1514, writ of *certiorari* denied in 290 U. S., 706, 78 L. Ed., 607, 54 S. Ct., 374; *Standard Oil Co. v. City of Selma,* .... Ala., .., 112 Sou., 532; *Great Atlantic & Pacific Tea Co. v. City of Richmond,* 183 Va., 931, 33 S. E. (2d), 795; 38 Am. Jur., Municipal Corporations, Section 354, page 45.

The foregoing view finds recognition in the statute, Section 7433 of the 1942 Code, authorizing municipalities to impose a license of this kind. This statute is in part as follows: "Said city or town council may, and they are hereby authorized annually to require by ordinance the payment of such reasonable sums of moneys as a license by any person or persons, corporation or corporations, engaged or intending to engage in any calling, business, occupation or profession, *in whole or in part,* within the limits of said cities or towns. * * *" (Italics ours.)·

We are not unmindful of the rule that an ordinance of this kind "must be construed liberally in favor of the citizen and strictly against the government, and no one can be held to payment of the tax unless he comes clearly within the terms of the particular statute or ordinance", *PeeDee Chair Co. v. City of Camden,* 165 S. C., 86, 162 S. E., 771, but we think it clearly appears that the ordinance in question applies to the business of respondent. We find no reasonable justification for a construction of this ordinance which would make the liability for the payment of a license contingent upon *all* of the functions of the taxpayer's business being performed within the City of Chester. It was not contemplated that the various phases of a business should be segregated and only that part taxed which was actually carried on within the corporate limits. The tax was imposed for the privilege of maintaining and conducting a place of business within that municipality and it was intended that the business should be considered as a whole. The gross income or volume of such business is merely made

the basis on which the tax is graduated. *Great Atlantic & Pacific Tea Co. v. City of Richmond, supra.*

The order of the Court below is reversed and the case remanded for entry of judgment in favor of appellants.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and TAYLOR concur. MR. CHIEF JUSTICE BAKER concurs in result.