16995

TOWN OF FOREST LAKE *ET AL.,* Respondents v. TOWN OF FOREST ACRES, Appellant

(87 S. E. (2d) 587)

164

*Messrs. Belser & Belser* and *Irvine F. Belser,* of Columbia, *for Appellant,*

*Chas. F. Cooper, Esq.,* of Columbia, for Respondents.

May 2, 1955.

TAYLOR, Justice.

Action in this case was commenced February 12, 1953, by way of a Rule to Show Cause why the license ordinance of the Town of Forest Acres should not be declared invalid as to plaintiffs.

Answer and Return were duly served, together with motion to abate this case pending a decision of this Court in the case of *Town of Forest Acres v. Seigler,* 224 S. C. 166, 77 S. E. (2d) 900, in which the attempted annexation of a portion of the Town of Forest Acres by the Town of Forest Lake was held invalid. Thereafter, Judge Bates filed his Order holding the license ordinance under attack invalid and unconstitutional and the Town of Forest Acres appeals.

The pertinent portions of the ordinance are:

"Section 2. A license shall be obtained, computed and paid for upon the following basis and scale:

On the business of the following, viz.: Upon each and every merchant, or any other person or firm, company or corporation, doing any kind of business at retail within the limits of the Town of Forest Acres, and for each store and place of business within the corporate limits of this town, except such as are especially taxed by this ordinance, for which a special license shall be collected:

Fifty cents on each $1,000.00 sales or receipts or any part thereof, during the preceding year. Minimum license fee $5.00.

Upon the business of the following the license shall be and /or computed as below set forth:

Advertising billboards, each billboard ............$ 5.00
Barbers, each chair set-up...................... 5.00
Beauty Parlors ...................................20.00
Building & Loan Associations .................... 50.00
Dry-cleaning and/or Laundry pick-up Branches.... 10.00
Golf Courses ................................... 20.00
Hucksters—no license to be prorated.............. 15.00
Laundries, Self Service ......................... 20.00
Offices, maintained for transaction of business or pro-
    fession for which a license is not otherwise herein
    provided ................................... 15.00
Real estate agents or land investment companies with
    offices in Town ............................ 25.00

"Section 15. If any section or portion of a section of the ordinance shall for any reason be declared unconstitutional or declared invalid for any other reason, then such shall not·in any way affect or invalidate any other section or portion of section of the said Ordinance then that declared invalid. And if any general or special license levied on any person, firm or corporation shall be held invalid then such person, firm or corporation shall be subject to the license levied herein upon the class in which said person, firm or corporation falls under this ordinance."

Appellant contends that should it be determined that the portion of Section 2 which relates to billboards, barbers, beauty parlors, and others as to whom a fixed license fee has been provided is unconstitutional, the remaining portion of the ordinance is valid under Section 15 of the ordinance and the authorities cited in its brief.

Municipalities acquire their powers to levy license taxes from Article 8, Section 6 of the South Carolina Constitution and Section 47-271 of the 1952 Code of Laws for South Carolina.

Article 8, Section 6 of the Constitution provides:

"* * * License or privilege taxes imposed shall be graduated so as to secure a just imposition of such tax upon the classes subject thereto."

Section 47-271 of the 1952 Code of Laws for South Carolina as amended by Act of 1953 and appears at Page 10 of the 1954 Cumulative Supplement provides:

"Any such city or town council may annually require by ordinance the payment of such reasonable sum of moneys as a license by any person engaged or intending to engage in any calling, business, occupation or profession, in whole or in part, within the limits of such city or town, except those engaged in the calling or profession of teachers or ministers of the gospel. It may collect such license taxes from all persons representing publicly within the limits of such city or town, for gain or reward, any plays or shows of whatso-

ever nature or kind. But wholesalers delivering goods to retailers in any municipality shall not be charged a business license therein by such municipality, unless such wholesaler maintains, within such municipality, a warehouse or mercantile establishment for distribution of the wholesalers" goods. Any such license shall be graduated according to the gross income of the person required to pay it or upon the amount of capital invested in the business."

The power of a municipality to fix different rates for licenses where the classes are different has been upheld by this Court many times. *Hill v. City Council of Abbeville,* 59 S. C. 396, 38 S. E. 11; *Cowart v. City Council of Greenville,* 67 S. C. 35, 45 S. E. 122; *American Bakeries Co. v. City of Sumter,* 173 S. C. 94, 174 S. E. 919; *Great Atlantic & Pacific Tea Co. v. City of Spartanburg,* 170 S. C. 262, 170 S. E. 273; *Triplett v. City of Chester,* 209 S. C. 455, 40 S. E. (2d) 684; but such license must be graduated as to the affected classification in compliance with the provisions of the Constitution and Statute, *supra.*

We are of the opinion that that portion of the ordinance which provides a flat fee as a license for doing business within the Town of Forest Acres is void in that it does not meet the constitutional and statutory requirements heretofore referred to; but it being apparent that the rest of said ordinance is severable, independent, and enforceable, as such, is therefore valid and should be permitted to stand, *City of Greenville v. Pridmore,* 86 S. C. 442, 68 S. E. 636; *Parker v. Bates,* 216 S. C. 52, 56 S. E. (2d) 723; 33 Am. Jur. 329-331, Section 5, and cases cited therein.

At the time of the commencement of this case, the Town of Forest Lake had attempted to annex a portion of the Town of Forest Acres which was nullified by the subsequent decisions of this Court in Town of *Forest Acres v. Seigler, supra.* Therefore, the Town of Forest Lake no longer has any interest in this action and is not a proper party; and it is conceded that the plaintiff, Per-

petual Building & Loan Association, is not a proper party in that it is exempt from taxation under the provisions of Section 65-1522 (42), 1952 Code of Laws for South Carolina. However, according to appellant's brief, and it is not denied by respondent, A. P. Richardson is engaged in the grocery business in the shopping center affected; and it was error not to hold that the ordinance under attack was valid as to him.

For the foregoing reasons, we are of the opinion that the Order appealed from should be affirmed with respect to all fixed license fees but reversed and the ordinance declared valid as to the others; and it is so ordered. Affirmed in part; reversed in part.

BAKER, C. J., and STUKES, OXNER and LEGGE, JJ., concur.