## 17970

The CITY OF COLUMBIA, Respondent, v. Roy PUTNAM, Appellant

(127 S. E. (2d) 631)

*Messrs. Roberts, Jennings, Thomas & Lumpkin,* of Columbia, *for Appellant,*

196

*Messrs. John W. Sholenberger, City Attorney,* and *Edward A. Harter, Jr., Assistant City Attorney,* of Columbia, *for Respondent,*

*Messrs. Roberts, Jennings, Thomas & Lumpkin,* of Columbia, *for Appellant, in Reply.*

October 4, 1962.

TAYLOR, Chief Justice.

Appellant was convicted of violating the Business and Professional License Ordinance of the City of Columbia.

Appellant is State Manager of Southern Farm Bureau Casualty Insurance Company which maintains an office in Columbia. He was charged with failure to pay for and procure a business license for said Company. It is admitted that no such license was applied for and that no license fee has been paid by said company.

Appellant contends that the ordinance is discriminatory, arbitrary and unreasonable (as applied to his Company) in that there is no maximum amount imposed by the ordinance as limited by Section 47-407, Code of Laws of South Carolina, 1952, as amended.

The pertinent portions of Columbia's City Ordinance relating to Insurance Companies' licenses fees, which is in controversy, appears as follows:

"A69-3. On gross premiums collected through offices or agents located in the city or collected on policies written on

property located in the city, whenever the premiums are collected, the following rates shall apply:

"Fire Insurance companies........................2%
Casualty companies (accident, collision, fidelity, guaranty, indemnity, liability, plate glass, surety, theft or any other form).........................2%
"B69-4. Life, Health and Hospital Companies

| | |
|---|---|
| On first year of operation....................$ | 50.00 |
| On gross premiums not exceeding $   1,000.... | 50.00 |
| On gross premiums not exceeding $   5,000.... | 100.00 |
| On gross premiums not exceeding $ 20,000.... | 150.00 |
| On gross premiums not exceeding $ 50,000.... | 200.00 |
| On gross premiums not exceeding $ 70,000.... | 250.00 |
| On gross premiums not exceeding $100,000.... | 300.00 |
| On gross premiums not exceeding $130,000.... | 350.00 |
| On gross premiums not exceeding $160,000.... | 400.00 |
| On gross premiums not exceeding $190,000.... | 450.00 |
| On gross premiums not exceeding $220,000.... | 500.00 |

On all premiums exceeding $220,000—$1.50 per
    $1,000 for premiums collected provided that
No license shall exceed ......................$1,000.00"

With respect to the power of municipalities to tax, Art. 8, Sec. 6, of the Constitution of South Carolina, 1895, provides:

"The corporate authorities of cities and towns in this State shall be vested with power to assess and collect taxes for corporate purposes, said taxes to be uniform in respect to persons and property within the jurisdiction of the body composing the same; * * *. License or privilege taxes imposed shall be graduated so as to secure a just imposition of such tax upon the classes subject thereto."

This constitutional provision has been held to be not a direct granting of power to the municipalities but merely directory to the General Assembly, *Gaud v. Walker et al.,* 214 S. C. 451, 53 S. E. (2d) 316; *Charleston Heights Co. v. City Council,* 138 S. C. 187, 136 S. E. 393.

Section 47-407, Code of Laws of South Carolina, 1952, as amended, provides that:

"Cities of over sixty-five thousand inhabitants may require the payment of such sum of money, not exceeding twenty-five hundred dollars, for a license as in their judgment may be just and wise by any person or corporation engaged, or intending to engage, in any calling, business or profession, in whole or in part, within the limits of such cities, except those engaged in the calling or profession of teachers and ministers of the gospel. But whenever the amount of the license shall exceed one thousand dollars the concurrence of two-thirds of the whole council and the mayor shall be necessary in the passage of any ordinance requiring such license."

The power of a municipality to fix different rates for licenses where the classes are different has been upheld by this Court many times, *Hill v. City Council of Abbeville,* 59 S. C. 396, 38 S. E. 11; *Cowart v. City Cuncil of Greenville,* 67 S. C. 35, 45 S. E. 122; *Great Atlantic & Pacific Tea Co. v. City of Spartanburg,* 170 S. C. 262, 170 S. E. 273; *American Bakeries Co. v. City of Sumter,* 173 S. C. 94, 174 S. E. 919; *Triplett v. City of Chester,* 209 S. C. 455, 40 S. E. (2d) 684. Such license, however, must be graduated as to the affected classifications in compliance with the provisions of the Constitution and Statute. *Town of Forest Lake et al. v. Town of Forest Acres,* 227 S. C. 163, 87 S. E. (2d) 587; and this Court stated in *Hill v. City Council of Abbeville,* 59 S. C. 396, 38 S. E. 11, that:

"* * * The constitution (sec. 6, art. VIII) only requires that the license or privilege tax shall be just. The requirement in said section that taxes must be uniform in respect to persons and property does not apply to the license or privilege tax. As all callings, occupations, and kinds of business differ, more or less, the one from the other, 'the very power to impose a tax that will be just on each class, involves the right to make distinctions between [different] trades, and between essentially different methods of con-

ducting the same general character of business or trade' * * *, and 'what is a reasonable license fee must depend largely upon the sound discretion of the city council,' * * *."

We are of opinion that an ordinance setting the amount of license fees on a percentage of gross premiums as provided for in the present ordinance in respect to casualty companies is not invalid in that Southern Farm Bureau Casualty Insurance Company is treated equally with other casualty companies in the same class. The fact that one class may pay more proportionately than other classes does not of itself make the license fee unreasonable or arbitrary since this is largely within the discretion of City Council. *Great Atlantic & Pacific Tea Co. v. City of Spartanburg,* 170 S. C. 262, 170 S. E. 273.

Appellant contends further that the ordinance under attack is discriminatory and unreasonable in that fire and casualty companies are treated differently from life, health and hospital companies. Section 37-133, Code of Laws of South Carolina, 1952, as amended by the 1961 Acts, page 273, requires different treatment with respect to fire insurance companies in that no license fee for fire insurance companies or their agents shall be charged "in any other manner than on a percentage of the premiums." It is evident, therefore, that the Legislature has seen fit to deal with fire insurance companies as a separate class; and while no such treatment has been accorded casualty companies, it is persuasive of the conclusion that such treatment on the part of the municipality is not discriminatory or unreasonable.

The ordinance does not mention the maximum amount as set forth in Sec. 47-407, Code of Laws of South Carolina, 1952, as amended; however, any ordinance passed thereunder is controlled by the provisions set forth in the Code.

For the foregoing reasons, we are of opinion that all exceptions should be dismissed and the Order appealed from affirmed; and IT IS SO ORDERD, Affirmed.

Moss and LEWIS, JJ., and LEGGE, Acting J., Concur.

BUSSEY, J., dissents.

BUSSEY, Justice (dissenting.)

I regret that I find myself unable to agree with the conclusions reached in the opinion of Mr. Chief Justice TAYLOR.

Considering the entire record herein, there is, to my mind, at least a serious question as to the constitutionality of the ordinance when applied to the particular company. However, under the rule that we should refrain from passing upon a constitutional question unless such is necessary to a decision, I refrain from discussing all of the facts and address my remarks only to appellant's exception number two, which reads as follows:

"His Honor erred in not holding that the city ordinance is void as applied to the Defendant since it does not meet the enabling statutory enactment (Section 47-407 of the Code of Laws, 1952, as amended) in that it does not limit the maximum fee to the Defendant's company to the sum of $2,500.00."

The ordinance on its face, as applied to the company here involved, would admittedly require an annual license fee in excess of $25,000.00. The city, either through its license inspector or council of record in this case, conceded that the city was not entitled to collect more than $2,500.00, but contended that it was entitled to collect that sum since such was the highest permissible license under the statutory grant of power to the city. Whether this concession on the part of the city was made prior to the prosecution of the defendant criminally does not appear, but in any event, the city contends, in effect, that Section 47-407 of the 1952 Code of Laws as amended is self-executing as to the $2,500.00 limitation, thus rendering the ordinance valid and the conviction here proper.

The defendant, on the other hand, concedes that aside from any constitutional questions the city could have required of

this particular company a license up to $2,500.00, by a proper ordinance after due consideration, but contends that the failure of the ordinance to limit the license fee here involved to the sum of $2,500.00 was not a mere technical or clerical omission on the part of city council, but that such went to whether or not there was any consideration by city council as to what was a just license to be required of the company here involved. Therefore, it is contended that the failure to either consider or apply a limation of no more than $2,500.00 renders the ordinance void as applicable to the particular company.

The precise issue here involved has not been heretofore decided by this court, but there are, to my mind, certain well established principles consistently adhered to by this court, as well as courts generally, controlling the decision of· this question and impelling a decision favorable to appellant.

I think there is no need to point out the fact that Code Section 47-407 in itself imposes no municipal licenses, but is only a grant of power to municipalities within a certain class whereby such municipalities after due consideration of what might be just may, by affirmative action, impose licenses within the limitations contained in the statutory grant of power.

In the case of *Southern Fruit Co. v. Porter,* 188 S. C. 422, 199 S. E. 537, wherein a license ordinance, under different factual circumstances, was held invalid, a rule of law which I consider applicable to the instant case was well stated as follows:

"The powers of a municipal corporation as to granting or requiring licenses or imposing license taxes must be strictly construed, must be exercised in strict conformity with the terms of the grant, and cannot be enlarged or extended by construction or intendment beyond the clear import of the language employed in the grant. *White v. [Town Council of] Rock Hill,* 34 S. C. 242, 13 S. E. 412."

The foregoing rule was recognized and applied in *Town of Forest Lake et al. v. Town of Forest Acres,* 227 S. C.

163, 87 S. E. (2d) 587, *Pee Dee Chair Co. v. City of Camden,* 165 S. C. 86, 162 S. E. 771, and *Triplett v. Chester,* 209 S. C. 455, 40 S. E. (2d) 684.

A general rule of law which seems to have been universally applied is that where words have been omitted from a statute or ordinance by inadvertence or through a clerical error and the intent of the legislative body is ascertainable from the context, the court will insert the words necessary to carry out that intent; but, that a court will not insert words in a statute or ordinance which is so vague and uncertain as to have no definite meaning or the meaning of which can be ascertained only by conjecture, or speculation, but will declare the act to be inoperative and void. 3 A. L. R. 404, 410. 126 A. L. R. 1325, 1330.

If an ordinance is susceptible of two constructions, it is the duty of the court to adopt the construction which would uphold the ordinance, but "A court cannot save ordinances from invalidity, however, by construing them in such a way that the construction amounts to mere arbitrary decision of the court, and constitutes in effect a redrafting of the ordinances to make them conform to what, in the view of the court, the council ought originally to have made them. It is not the business of the court to amend municipal ordinances or 'lick them into shape' on their own notions of convenience, feasibility, and justice, to meet the exigencies of particular cases, so as to bring them within the powers conferred by municipal charters." 37 Am. Jur. 829, Municipal Corporations, Section 189.

When the intent of a municipal law making power is so expressed in an ordinance that from its context the meaning thereof is ascertainable the court may supply such words as have been inadvertently omitted from an ordinance, such words being necessary to complete the sense and to express the legislative intent. However, "Where an ordinance is incomplete or defective whether as a result of inadvertence or because the case in question was not foreseen or contemplated,

it is beyond the province of the courts to supply the omission, even though as a result the ordinance is a nullity." 37 Am. Jur. 830, Municipal Corporations, Section 190.

The foregoing general principles have been recognized and applied by this court in the construction of acts of the legislature, the same rules of construction being applicable to municipal ordinances. *Greenville Baseball v. Bearden,* 200 S. C. 363, 20 S. E. (2d) 813; *Hull v. Hull,* 2 Strob. Eq. 174, 188.

In the Hull case, wherein a statute was held inapplicable to the particular case, the court said:

"* * * for if the case be omitted in the statute because not forseen or contemplated, it is a *casus omissus,* and the court having no legislative power, cannot supply the defects of the enactment."

Under the foregoing principles, it seems clear to me that the court has no power to supply and write into the ordinance a limitation of $2,500.00, thus fixing a fee for the company here involved, and rendering the ordinance valid, unless we can find from the context of the ordinance as a whole an intent on the part of city council to do so.

What, then, was the intention of city council with respect to the license provision applicable to the company here, and can that intention be ascertained from the context of the ordinance? This brings us back to a consideration of the entire ordinance, as well as the statute pursuant to which it was enacted. The Mayor and City Council of Columbia are presumed to have acted in accordance with law, and it cannot be assumed or presumed that they intended by the ordinance to exact from the company here a license in excess of $25,000.00. It is presumed that council had in mind and intended to adhere to the provisions of Section 47-407, and the ordinance itself, in certain categories, indicates that council had due regard for the statute. It should here be pointed out that the statute provides not one, but two ceilings upon licenses, which may be required by the ordinance. The lower

ceiling is $1,000.00, and the higher ceiling is $2,5000.00, and a license up to the higher ceiling may be imposed only on a vote of two-thirds of council and the mayor, thus showing a legislative intent to require a greater degree of consideration on the part of the city government as a prerequisite to the imposition of a license in excess of $1,000.00.

The fact that the ordinance was passed with due ·regard for the statute and its two limitations is borne out by the fact that in only three categories, all major utilities (telephone companies, gas companies and electric companies), the ordinance fixes a license fee in the flat amount of $2,-500.00. In certain categories where graduated license fees dependent upon the volume of business were provided for, no ceilings were provided, but in the case of cotton textile mills, life, health and hospital insurance companies, the ordinance fixes a ceiling of $1,000.00 upon graduated licenses.

The foregoing, to my mind, is indicative of an intent on the part of city council to place a ceiling of $1,000.00, at least upon certain graduated licenses, wherein it was contemplated by council that the graduated licenses could amount to that much or more. To place a ceiling of $1,000.00 upon graduated licenses in categories wherein it was contemplated by council that such licenses would never reach the amount of $1,000.00, could very well have been regarded as surplusage by city council.

In this connection, it could just as soundly be argued that the $1,000.00 limitation provided in the statute was self-executing, rather than the $2,500.00 limitation, in which event the conviction of the individual defendant here should be set aside, he having been convicted through his refusal to pay on behalf of the company the $2,500.00 which was demanded by the city.

From a careful analysis of the ordinance, I can find nothing from which we can ascertain the intent on the part of the city to exact of the company here involved a license up to but not exceding $2,500.00. A fair consideration of the ordinance

and the entire record herein leads me to the conclusion that the city council never gave a thought to the possibility that 2% of the gross premiums of the company here involved might exceed the sum of $1,000.00, let alone exceed the statutory limitation of $2,500.00 by $22,500.00. I consider it quite likely that the city council was as much surprised as the company was annoyed to find the literal effect of the ordinance in this case. The case here not being foreseen or contemplated by city council, and this court having no legislative power, we cannot supply the defects of the ordinance by writing in the high statutory ceiling of $2,500.00.

What ceiling, within the statutory limitations, the city council and mayor may have placed upon licenses in the particular category had it foreseen or contemplated the particular case here involved, is a matter of pure speculation and conjecture.

Since we cannot supply the omission and write into the ordinance the high statutory limitation of $2,500.00, the ordinance as applied to the company here is void. Needless to say, neither the license inspector nor counsel of record in this case had any power to write into the ordinance something which was not there. The offer to accept the sum of $2,500.00 from the company was nothing more than the offer of an option or opportunity to avoid prosecution by the payment of a license fee not provided for by the ordinance. Such an option extended by the city could not render valid an invalid ordinance.

The case of *Martin et al. v. Richardson,* 160 S. C. 370, 158 S. E. 731, involved an act of legislature imposing licenses upon both resident and nonresident fur buyers. The act was attacked by resident buyers on the ground that said act unconstitutionaly discriminated aginst resident buyers in favor of nonresident buyers. A construction placed upon the act by the circuit judge interpolated and accorded to the resident buyers an option whereby they might comply with the statute and not be discriminated against. The Supreme Court, how-

ever, held the statute unconstitutional and declared the constitutionality of the statute could not be saved by according the resident buyers an option which was not provided in the statute.

In my view, our own cases are decisive of the only question necessary to the decision of this appeal. However, I feel it not amiss to call attention to the following general statement from 38 Am. Jur. 42, Municipal Corporations, Section 352.

"Restrictions on the amount of municipal license taxes sometimes exist by virtue of statutory or charter provisions. Such restrictions are mandatory, and there must be compliance with their provisions."

In Note 18 to the aforesaid section there is the following:

"A municipal corporation having authority by its charter to demand licenses from certain classes of business not to exceed a specified sum per annum cannot require the payment of a percentage on all business done which might amount to more than such specified sum, and no recovery can be had under such an ordinance even for a less sum than such limit. Anno: 30 L. R. A. 424."

The note just quoted is based primarily on the cases of *Darling v. St. Paul,* 19 Minn. 389, Gil. 336, and *Hartford Fire Ins. Co. v. City of Peoria,* 156 Ill. 420, 40 N. E. 967. Although the full text of the opinion in the Darling case is not available to me at the moment, both of said cases support the above stated rule and were, in my opinion, correctly decided, even though the factual circumstances of those cases were somewhat different from the case at bar, and I am not in full accord with the reasoning thereof.

Moreover, it should not be overlooked that this is not a civil action, but a criminal prosecution. For this additional reason the ordinance under which the individual defendant was prosecuted has to be strictly construed aginst the City of Columbia.

For all the reasons hereinabove stated, it is my opinion that the decision of the lower court should be reversed and the conviction and sentence set aside.